# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1582

_____

United States of America,         *
                                        *

      Plaintiff - Appellee,      *

                                        *   Appeal from the United States

v.                                 *   District Court for the

                                        *   District of Minnesota.

Anthony Alan Taylor,       *

                                        *

      Defendant - Appellant.    *

_____

Submitted:  October 18, 2007
Filed:  March 27, 2008

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

      Anthony Alan Taylor entered a conditional plea of guilty to conspiring to distribute over five grams of cocaine base and possessing a firearm during and in furtherance of a drug trafficking crime in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 and 18 U.S.C. § 924(c)(1)(A). He appeals the district court's[1] denial of his motion to suppress cocaine base and a loaded handgun seized at the time of his arrest. He argues that he was arrested without probable cause by police officers

_____

[1] The HONORABLE DONOVAN W. FRANK, United States District Judge for the District of Minnesota.

who were also guilty of outrageous government conduct. Reviewing the district court's findings of fact for clear error and its conclusions of law *de novo,* we affirm. See United States v. Brown, 49 F.3d 1346, 1348-49 (8th Cir. 1995) (standard of review).

## I. Probable Cause to Arrest

At the suppression hearing, Minneapolis narcotics investigator Kurt Radke and police sergeant Elizabeth Dea testified for the government. Radke testified that he learned from another officer that Jerome Palmore had proposed, in exchange for leniency, that he purchase crack cocaine from a third party in a controlled buy. Radke investigated and learned from a third officer that Palmore had previously provided accurate and timely information that led to the seizure of drugs and a firearm. Based on this officer's confidence in Palmore's reliability, Radke met with Palmore, who offered to set up a controlled buy of crack cocaine from a supplier he called "T." Palmore described "T" and the car he drove and said that "T" was a member of the "Detroit Boys" gang. In Radke's presence, Palmore arranged in a series of phone calls to buy an ounce of crack from "T" at an Arby's restaurant in Hopkins, a Minneapolis suburb.

Sergeant Dea testified that she then drove Palmore to the Arby's parking lot. With six Minneapolis and Hopkins police vehicles positioned nearby, Palmore talked with "T" by phone from Dea's car. Palmore rejected "T's" request to change their rendezvous to an apartment complex across the street from the Arby's. Shortly thereafter, Taylor came out of the apartment complex, approached the Arby's, and appeared to place a call on his cell phone at the same time Palmore's cell phone received a call. Palmore identified Taylor as "T," and Dea advised Radke of Palmore's identification. Never losing sight of "T" as he approached, Radke held the arrest team until Taylor entered a convenience store adjacent to the Arby's, which Radke described as a more "controlled arrest situation." Radke then assisted in

Taylor's arrest and observed the search incident to his arrest. Palmore was called as a defense witness when the suppression hearing resumed one week later. He recanted what he told Taylor's counsel in a phone conversation and corroborated the prior testimony by Officer Radke and Sergeant Dea.

Taylor argues that the evidence seized incident to his arrest must be suppressed because the officers lacked probable cause to arrest him without a warrant. Probable cause exists if the facts and circumstances within the arresting officers' collective knowledge "are sufficient to warrant a prudent person, or one of reasonable caution, in believing . . . that the suspect has committed, is committing, or is about to commit an offense." Brown, 49 F.3d at 1349 (quotation omitted). When the arrest is based on information provided by an informant, that information "may be sufficiently reliable to support a probable cause finding if the person providing the information has a track record of supplying reliable information, or if it is corroborated by independent evidence." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993); see Draper v. United States, 358 U.S. 307, 313 (1959); Brown, 49 F.3d at 1349.

Here, the district court concluded the officers had probable cause to arrest Taylor based upon information provided by Palmore, an informant known to be reliable in the past, and corroborated when Palmore arranged a controlled buy in Radke's presence, Palmore identified Taylor as "T" when he approached the agreed location, Taylor matched Palmore's prior physical description of "T," and Sergeant Dea saw Taylor placing a call on his cell phone as Palmore received a call from "T." It is clear from our prior cases that these facts and circumstances amply support the court's probable cause ruling. See, e.g., United States v. Taylor, 106 F.3d 801, 802-03 (8th Cir. 1997); Brown, 49 F.3d at 1349-50. Taylor argues that Radke admitted Palmore was not a "confidential reliable informant," and the police did not sufficiently corroborate Palmore's information because they did not wait for Taylor to enter the Arby's and check his cell phone for Palmore's number prior to the arrest. Taylor cites no factually similar case in support of these contentions. We agree with the district

court that Radke adequately investigated Palmore's reliability and substantially corroborated the information Palmore provided. See United States v. LaMorie, 100 F.3d 547, 553 (8th Cir. 1996) ("personal contact with an informant can strengthen an officer's decision to rely on the information provided"); United States v. Gladney, 48 F.3d 309, 313 (8th Cir. 1995) (when an "informant's information is at least partly corroborated . . . attacks upon credibility and reliability are not crucial to the finding of probable cause").

Taylor further argues that the district court clearly erred in crediting the testimony of Radke, Dea, and Palmore because Radke "misled the court" about Palmore's prior arrests and lied about a warrant search of Taylor's apartment conducted after the arrest, and because Palmore recanted what he told defense counsel and admitted that he identified Taylor and cooperated in a controlled buy in exchange for leniency. These contentions are without merit. A district court's findings regarding witness credibility are "virtually unreviewable on appeal." United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992). The district court did not clearly err in crediting the consistent descriptions by Radke, Dea, and Palmore of the events leading up to Taylor's arrest that were critical to the probable cause determination.

## II. Outrageous Government Conduct

The search incident to Taylor's arrest yielded a driver's license listing his address as an apartment in the nearby complex from which he had just emerged. Radke testified that he and other officers went to the complex, where they located a car matching Palmore's description of Taylor's car. A narcotics dog alerted to the vehicle. The police entered the apartment and, because people were present, "froze" the apartment and its occupants while Radke applied for a search warrant. A state court judge issued a warrant to search Taylor's car but not the apartment. At the suppression hearing, the government advised that Radke's warrant application, which he completed at the nearby Hopkins Police Department, could not be found. Taylor's

-4-

girlfriend testified that the police kicked in the apartment door, cuffed her and her cousin, and searched the apartment for over two hours without a warrant. At the suppression hearing, the government represented that it would not offer any evidence from the warrant search of the car, nor was evidence from the alleged warrantless search of the apartment at issue. Taylor nonetheless argues that the lost warrant and the alleged warrantless search of his apartment amounted, cumulatively, to outrageous government conduct that violated his right to due process and require suppression of the evidence seized incident to his arrest.

We agree with the government that Taylor has waived this issue. A guilty plea waives all non-jurisdictional defenses. United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000). Rule 11(a)(2) of the Federal Rules of Criminal Procedure provides a limited exception to this rule -- with the consent of the court and the government, a defendant may enter a conditional guilty plea that preserves his right to appeal "an adverse determination of a *specified* pretrial motion." (Emphasis added.) Here, Taylor moved to suppress evidence on Fourth Amendment and due process grounds. The district court in denying the motion separately addressed both issues, but Taylor's conditional guilty plea preserved only his right "to appeal the Court's determination that there was no violation of [his] Fourth Amendment rights." Applying the plain meaning of Rule 11(a)(2), this plea waived the due process issue. Taylor's contention that the alleged due process violation was a jurisdictional defect not waived by his guilty plea is without merit. A "knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir.), cert. denied, 511 U.S. 1094 (1994), quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973).

The judgment of the district court is affirmed.

_____