# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2191

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Benjamin T. Clarkson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: December 8, 2008
Filed: April 14, 2009

———————

Before LOKEN, Chief Judge, BEAM and ARNOLD, Circuit Judges.

———————

PER CURIAM.

Benjamin Clarkson appeals his sentence after pleading guilty to two charges involving his attempts to manufacture methamphetamine on several occasions. The district court[1] sentenced Clarkson to concurrent terms of 188 months' imprisonment, followed by four years of supervised release.[2] On appeal, Clarkson challenges the process by which his indictment was returned. He further contends the district court failed to properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and

_____

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

[2]The district court also imposed a special assessment of $100 on each count.

abused its discretion by imposing an unreasonable sentence.  Finding no reversible error, we affirm.

We first address Clarkson's argument regarding the indictment process.  At Clarkson's request, his appellate counsel raised the issue of whether his indictment was returned in violation of Federal Rule of Criminal Procedure 6(f), but opined that the issue was meritless.  Clarkson then filed a motion to present argument pro se, arguing the district court lacked jurisdiction because the record did not clearly indicate his indictment was returned "in open court" as required by Rule 6(f).  We usually do not consider pro se arguments when litigants are represented by counsel.  United States v. Peck, 161 F.3d 1171, 1175 n.2 (8th Cir. 1998).  We therefore deny his motion.  Moreover, we note that Clarkson would not be entitled to relief on this ground in any event because he waived the issue by pleading guilty to two counts in the indictment.  See United States v. Taylor, 519 F.3d 832, 836 (8th Cir. 2008) (noting that "[a] guilty plea waives all non-jurisdictional defenses," unless, with the consent of the court and the government, the plea is expressly conditioned on the right to appeal the denial of a specified pre-trial motion); see also United States v. Cotton, 535 U.S. 625, 631 (2002) (concluding that a defective indictment does not deprive a court of jurisdiction); United States v. Kahlon, 38 F.3d 467, 469 (9th Cir. 1994) (noting that the failure to return an indictment in open court as required by Rule 6(f) is merely a non-jurisdictional, procedural defect).

We turn to Clarkson's sentencing arguments.  We review the sentence for reasonableness, first ensuring the district court did not commit a significant procedural error.  United States v. Kowal, 527 F.3d 741, 747 (8th Cir.), cert. denied, 129 S. Ct. 612 (2008).  If the district court's decision is procedurally sound, we then review the sentence for substantive reasonableness, applying an abuse-of-discretion standard.  Id. Where the sentence imposed falls within the advisory Guidelines range, "we accord it a presumption of reasonableness."  United States v. Zastrow, 534 F.3d 854, 856 (8th Cir. 2008) (quotation omitted).

Applying those standards, we first conclude that no procedural error occurred. Significant procedural errors include "'miscalculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain why a sentence was chosen.'" Id. at 855 (quoting United States v. Braggs, 511 F.3d 808, 812 (8th Cir. 2008)). We find no such infirmities here. To the extent Clarkson suggests the district court merely mentioned the relevant § 3553(a) factors in passing and did not properly explain the chosen sentence, we disagree. To the contrary, the district court made a clear record of the relevant factors, discussed each in terms specific to Clarkson's case, and explained in detail why those considerations supported the chosen sentence. Thus, the decision is procedurally sound.

We further conclude Clarkson's 188-month sentence, which was at the bottom of his advisory Guidelines range and is presumed reasonable on appeal, is not an abuse of discretion. A sentencing court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Kowal, 527 F.3d at 749 (quotation omitted). Here, Clarkson contends the district court failed to fully consider the § 3553(a) factors, and focused instead on an improper or irrelevant factor: his failure to fully accept responsibility for his offense. The argument is without merit. As noted above, the district court engaged in a lengthy and detailed discussion of the relevant § 3553(a) factors. The district court also granted Clarkson a three-level reduction in his offense level for acceptance of responsibility, and only made some additional comments on that subject in response to Clarkson's statements at sentencing. And in any event, we have held that a defendant's acceptance of responsibility is a relevant and proper consideration under § 3553(a). United States v. Jimenez-Gutierrez, 491 F.3d 923, 927 (8th Cir. 2007). Similarly unconvincing is Clarkson's assertion that his sentence is unreasonable because the district court failed to consider certain mitigating factors supporting a more lenient sentence, such as the

letters of support submitted on his behalf. The record reveals that the district court did consider the letters and also explicitly identified numerous other mitigating and aggravating factors relevant under § 3553(a). Moreover, our review of the record indicates the court carefully and properly balanced all of those competing concerns before arriving at the chosen sentence. We therefore affirm Clarkson's sentence as a reasonable exercise of the district court's considerable sentencing discretion.

Accordingly, the decision of the district court is affirmed.

_____