# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3694

_____

United States of America,                        *
                                                 *
                 Appellee,                       *
                                                 *
        v.                                       *  Appeal from the United States
                                                 *  District Court for the
Gerardo Ramos, also known as Chuey,              *  District of Minnesota.
True Name Jesus Ramos-Martinez,                  *
                                                 *  [UNPUBLISHED]
                 Appellant.                      *

_____

Submitted:  December 2, 2009
Filed:  December 28, 2009

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written agreement, Gerardo Ramos pleaded guilty to conspiring to distribute and possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  The district court[1] sentenced him to 120 months in prison and 3 years of supervised release, noting both his lack of criminal history and the seriousness of the offense.  On appeal,  Ramos's counsel has filed a brief under Anders v. California, 386 U.S. 738

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

(1967), raising as issues whether Ramos's confusion regarding the Guidelines calculations provided a sufficient basis for withdrawing his plea, and whether the sentence is excessive. Ramos has filed a pro se brief, in which he argues that his sentence is excessive; that some of his codefendants received shorter sentences; that federal agents conducted a warrantless search of his hotel room; that he should not have been held responsible for more than 50 grams of methamphetamine; and that his counsel provided ineffective assistance, and pressured and misled him into pleading guilty.

At his initial sentencing hearing, Ramos told the district court that when he entered his guilty plea he had been confused about the total amount of drugs involved and the possible imprisonment range. After re-instructing Ramos regarding the relevant Guidelines calculations and the amount of drugs involved, the court told him it would allow him to withdraw his plea and go to trial, and gave him time to talk with his counsel. Two weeks later, at a second sentencing hearing, Ramos chose not to withdraw his guilty plea, and indicated that he was ready to be sentenced. We therefore conclude that Ramos cannot now challenge the voluntariness of his guilty plea. See United States v. Thompson, 289 F.3d 524, 526-27 (8th Cir. 2002) (plain-error standard applies only where defendant inadvertently failed to raise objection in district court; where defendant withdrew objections in district court, he was precluded from raising those objections on appeal).

We further conclude that Ramos's sentence, which was below the advisory-Guidelines range, was reasonable. See United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc) (standard of review); see also 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(D) (factors court should consider in sentencing); United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008) (if district court references some considerations contained in § 3553(a), this court is ordinarily satisfied that district court was aware of entire contents of relevant statute).

Finally, we conclude that Ramos's remaining pro se arguments do not provide a basis for reversal. See United States v. Taylor, 519 F.3d 832, 835-36 (8th Cir. 2008) (guilty plea waives all non-jurisdictional defenses); United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims should be raised in a 28 U.S.C. § 2255 motion); United States v. Johnson, 408 F.3d 535, 539 (8th Cir. 2005) (where defendant failed to object to drug-quantity calculation in presentence report, district court could accept that quantity as admitted for sentencing purposes); United States v. Womack, 985 F.2d 395, 400 (8th Cir. 1993) (shorter sentence of one codefendant is not enough to invalidate sentence of another; sentence is not disproportionate just because it exceeds codefendant's sentence).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues for appeal. Accordingly, the judgment is affirmed.

_____