# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-1938

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Benyamin Hawthorne, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: October 7, 2011
Filed: October 11, 2011

———————

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Benyamin Hawthorne pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841, 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c); and criminal forfeiture of $9,127. The district court[1] sentenced him to 135 months in prison on the conspiracy count, a consecutive 60-month term on the firearm count, consecutive 5-year terms of supervised release, and forfeiture of $9,127. Hawthorne appeals, and his counsel has moved to withdraw,

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

submitting a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he argues that the district court abused its discretion by failing to vary downward because none of Hawthorne's co-conspirators were similarly charged with section 924(c) for substantially identical conduct. Hawthorne has filed a pro se supplemental brief asserting additional arguments.

First, we conclude Hawthorne has failed to rebut the presumption that the sentence on the conspiracy charge, which falls at the bottom of the unchallenged Guidelines range, is not substantively unreasonable, <u>see</u> <u>Gall v. United States</u>, 552 U.S. 38, 51 (2007); and the district court lacked discretion to impose less than the consecutive statutory minimum of 60 months on the firearm count, <u>see</u> <u>United States v. Chacon</u>, 330 F.3d 1065, 1066 (8th Cir. 2003). Second, we find that the district court did not abuse its discretion in denying a downward variance. <u>See</u> <u>United States v. Brown</u>, 627 F.3d 1068, 1074 (8th Cir. 2010) (standard of review).

Third, Hawthorne's guilty plea forecloses his pro se challenge to the denial of certain case documents, <u>see</u> <u>United States v. Taylor</u>, 519 F.3d 832, 835-36 (8th Cir. 2008); his challenge that the prosecutor introduced perjured testimony at sentencing is conclusory and therefore unavailing, <u>see</u> <u>United States v. Funchess</u>, 422 F.3d 698, 701 (8th Cir. 2005); and we decline to review on direct appeal what appears to be a claim of ineffective assistance of counsel at sentencing, <u>see</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872 (8th Cir. 2007).

Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____