John Franklin WILLIAMS *v.* STATE of Arkansas

CR 02-21                                    91 S.W.3d 68

Supreme Court of Arkansas
Opinion delivered December 5, 2002

*David L. Dunagin*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

TOM GLAZE, Justice. In this appeal, we are asked to determine whether or not the trial court retroactively applied any part of Arkansas' Sex Offender Registration Act, Ark. Code Ann. § 12-12-901 *et seq.* (Repl. 1999 and Supp. 2001), in revoking the suspended sentence of appellant John Williams. We hold that it did not, and affirm.

We begin with a chronology of the events leading up to this appeal. On December 20, 1991, Williams was convicted of third-degree sexual assault in Wisconsin; on February 3, 1992, he was sentenced, among other things, to two years' probation. During his period of probation, Williams moved to Fort Smith in November of 1992, after spending a short period of time in Arizona. In 1993, Wisconsin enacted its Sex Offender Registry Program, requiring registration of any person who was "on probation . . . on or after December 25, 1993, for a sex offense." Wisc. Stat. Ann. § 301.45(1g)(b). Because he was still on probation as of December 25, 1993, Williams was required to, and did, register as a sex offender in Wisconsin.

Arkansas subsequently passed its own Sex Offender Registration statute: Act 989 of 1997, which is codified at Ark. Code Ann. § 12-12-901 *et seq.*, and which has since been amended in part in 1999 and 2001. Arkansas' registration requirements applied to

anyone who was "serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt for . . . a sex offense, on the effective date of this act." Act 989 of 1997, § 4(2) (codified at Ark. Code Ann. § 12-12-905(a)(2)). The statute became effective on August 1, 1997.

On October 8, 1997, Williams pled guilty to charges of breaking or entering and felony theft of property in Sebastian County Circuit Court. He was sentenced to prison for six years, with four and a half years suspended, on the breaking or entering, and to ten years, with eight and a half years suspended, for the theft of property. In May of 1998, Williams was paroled. One of the terms of his parole was that he was not to violate any state law.

On April 11, 2000, Jessie King, the Coordinator of the Arkansas Sex Offender Registry, received information from the Arizona Department of Public Safety that Williams was a sex offender, that he was moving to Arkansas,[1] and that he was required to register with the Sex Offender Registry. On November 15, 2000, a warrant for Williams's arrest was issued, alleging that, on April 14, 2000, the Fort Smith Police Department received information from the Arkansas Crime Information Center ("ACIC") that Williams, who was living in Fort Smith, was required to register as a sex offender and had failed to respond to requests for address verification from ACIC.

As a result, on September 19, 2001, the State filed a petition to revoke Williams's suspended sentences, alleging that he committed the offense of failing to comply with the reporting requirements of Ark. Code Ann. § 12-12-904(a)(1) (Repl. 1999 and Supp. 2001), which makes it a Class D felony to fail to register or to fail to report a change of address as required under the Sex Offender Registration Act. After a hearing, the trial court revoked Williams's suspended sentence on November 2, 2001. From that order, Williams brings this appeal, wherein he argues,

---

[1] Obviously, the Arizona information was somewhat out-of-date, as Williams had been living in Fort Smith since November of 1992.

among other things, that the trial court retroactively applied portions of the registration statutes to revoke his suspended sentences.

■ Williams argues that the trial court erred in revoking his suspended sentence, because the court applied a version of § 12-12-905 to him that was not in effect at the time he received his suspended sentence in October of 1997. He maintains that the revocation of his suspended sentence on the basis of this amended statute was an unconstitutional *ex post facto* application of the law. We disagree. Williams's *ex post facto* argument fails because his sentence was imposed in October of 1997, and, as noted above, the effective date of Act 989 was August 1, 1997. Under § 5(a)(4) of Act 989, as an offender who moved to Arkansas from another jurisdiction, Williams had thirty days after August 1, 1997, in which to register. He failed to do so.

■ Williams also argues that, because there was nothing on the face of his Wisconsin conviction that showed he was required to register as a sex offender, his time of "community supervision" was over, and therefore, he was not required to register under Arkansas law. However, his argument ignores the fact that Wisconsin's Sex Offender Registration Statute, enacted in 1993, applied to anyone who was "on probation . . . on or after December 25, 1993, for a sex offense." Williams was sentenced in February of 1992 to two years' probation in Wisconsin, and he was therefore on probation on December 25, 1993, and required to register in Wisconsin. This adjudication of guilt of a sex offense of the laws of Wisconsin brought Williams within the ambit of Arkansas's registration laws, since he was "a person . . . serving a sentence of . . . other form of community supervision as a result of an adjudication of guilt for . . . a sex offense." *See* Act 989 of 1997, § 4(2).

■ ■ Finally, we consider Williams's argument on appeal that there was insufficient evidence to warrant the revocation of his suspended sentence. To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of probation or the suspended sentence by a preponderance of the evidence. *See* Ark. Code Ann. § 5-4-309(d) (Supp. 2001); *Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002); *Lemons v.*

*State*, 310 Ark. 381, 836 S.W.2d 861 (1992). On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Bradley, supra*; *Hoffman v. State*, 289 Ark. 184, 711 S.W.2d 151 (1986). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended sentence revocation. Thus, the burden on the State is not as great in a revocation hearing. *Lemons, supra*. Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the trial judge's superior position. *Id*.

■ The evidence introduced at the revocation hearing showed that Williams had lived in Arkansas since 1992. In addition, the Coordinator of the Sex Offender Registry in Arkansas testified that she had not received any information in the last year that Williams had registered as a sex offender in Arkansas. Although Williams testified that he did not believe that he had to register in Arkansas, based on conversations he had had with Fort Smith Police Department detectives, his credibility was impugned when the State introduced a letter he wrote, apparently to the Wisconsin Sex Offender Registry, stating that he was *"currently registered in Fort Smith*. . . . I was told to sign in in every state if I choose to relocate. Do I have to inform Wisconsin SORP [Sex Offender Registration Program] also[?]" Clearly, Williams was aware of both Arkansas' and Wisconsin's registration requirements, despite his testimony that he believed he did not have to register in this state. The trial court apparently did not believe this contention, and this court defers to the trial court on questions of credibility.

■ In sum, because the evidence showed that Williams was convicted of a sex offense and registered as a sex offender in Wisconsin, had lived in Arkansas since 1992, and failed to register as a sex offender in this State, in accordance with the requirements in § 12-12-905, the State met its burden of proving that Williams violated a condition of his suspended sentence. The trial court's revocation of Williams's suspended sentence is therefore affirmed.