2009 Ark. App. 542

**Edward S. McWILLIAMS, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–738.**

Court of Appeals of Arkansas.

July 1, 2009.

William R. Simpson, Jr., Public Defender, by: Robert N. Jeffrey, Deputy Public Defender, Camden, for appellant.

No response.

WAYMOND M. BROWN, Judge.

On February 7, 2008, a Union County judge found that Edward McWilliams violated the terms and conditions of his probation and sentenced him to a seven-year term in the Arkansas Department of Correction. McWilliams's attorney has filed a motion to withdraw as counsel. The motion was accompanied by a no-merit brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),

and Ark. Sup.Ct. R. 4–3(k)(1), wherein counsel contends that all rulings adverse to his client are abstracted and discussed. McWilliams has filed no pro se points in response. After reviewing the record, we conclude that an appeal in this case would be wholly without merit. Accordingly, we affirm the revocation of McWilliams's probation and grant counsel's motion to withdraw.

McWilliams was placed on five years' probation for possession of a firearm by certain persons on November 23, 2004. The State filed a petition to revoke that probation on July 18, 2007, alleging among other things that he failed to report to his probation officer as directed. At the revocation hearing, McWilliams's probation officer stated that McWilliams had not reported to a probation officer since February 27, 2006. McWilliams disputed this claim, but he admitted that he had not reported since May or June 2007. He claimed that his former probation officer "had the police come over there and get [him] three times," and he thought that the present hearing was "to see if we could get things straightened up where [he] could start reporting back." At the conclusion of the hearing, the court found that McWilliams violated the terms and conditions of his probation by failing to report as directed and sentenced him to seven years in the Arkansas Department of Correction.

An attorney's request to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all rulings adverse to his client made on any objection, motion, or request made by either party. *Eads v. State,* 74 Ark.App. 363, 47 S.W.3d 918 (2001). The argument section of the brief must contain an explanation of why each adverse ruling is not a meritorious ground for reversal. *Id.* This court is bound to perform a full examination of the proceedings as a whole to decide if an appeal would be wholly frivolous. *Campbell v. State,* 74 Ark.App. 277, 47 S.W.3d 915 (2001). If counsel fails to address all possible grounds for reversal, this court can deny the motion to withdraw and order rebriefing. *Sweeney v. State,* 69 Ark.App. 7, 9 S.W.3d 529 (2000).

The record contains only one adverse ruling: the decision to revoke McWilliams's probation. While McWilliams made no motion to dismiss at the revocation hearing, no such motion is necessary to preserve an objection to the sufficiency of the evidence to support a revocation. *See Barbee v. State,* 346 Ark. 185, 56 S.W.3d 370 (2001); *Brown v. State,* 85 Ark.App. 382, 155 S.W.3d 22 (2004). A sentence of probation may be revoked when a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. Ark.Code Ann. § 5–4–309(d) (Repl.2006); *Williams v. State,* 351 Ark. 229, 91 S.W.3d 68 (2002). The State need only show that the appellant committed one violation to sustain a revocation. *Richardson v. State,* 85 Ark.App. 347, 157 S.W.3d 536 (2004). This court will not reverse the revocation unless the decision is clearly against the preponderance of the evidence. *Williams, supra.*

As argued by counsel, an appeal in this case would be wholly without merit. The State alleged that McWilliams violated the terms and conditions of his probation by failing to report to his probation officer as directed, and it presented testimony showing that McWilliams failed to report. While McWilliams disputed the date of his failure to report, he admitted that he did not report to his probation officer. Accordingly, the record clearly supports the revocation of McWilliams's probation.

McWilliams's attorney has complied with the dictates of *Anders* and Ark. Sup.Ct. R. 4–3(k)(1). Accordingly, we affirm the revocation of McWilliams's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

ROBBINS and GRUBER, JJ., agree.