2009 Ark. App. 543

**Vernis Vendale JOE, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1106.**

Court of Appeals of Arkansas.

July 1, 2009.

F. Parker Jones III, for appellant.

Dustin McDaniel, Att'y Gen., by: LeaAnn J. Irvin, Ass't Att'y. Gen., for appellee.

WAYMOND M. BROWN, Judge.

On June 2, 2008, a Clark County judge revoked Vernis Joe's probation and sentenced him to six years' imprisonment, with two years' suspended imposition of sentence. Joe challenges the sufficiency of the evidence to support the revocation. We affirm.

Joe was placed on five years' probation after pleading guilty to third-degree domestic battering, second offense. The State filed a petition to revoke on April 1, 2008, alleging several violations of the terms and conditions of ∟₂Joe's probation, including a failure to abstain from the use of controlled substances.[1] At the revocation hearing, Casey Jackson, Joe's probation officer, testified that Joe failed four drug tests. Joe objected to Jackson's testimony, as Jackson was not the one to administer the tests, but the court allowed the evidence. Jackson also stated that he confronted Joe after two of the tests and that Joe signed a confession on January 29, 2007, admitting that he used drugs on that date. On cross-examination, Jackson admitted that the failed drug tests occurred between September 2006 and October 2007 and that he did not revoke Joe's probation during that time. The officer stated that he wanted to give Joe an opportunity to clean up. When testifying in his own defense, Joe admitted that he had a drug problem and that he "was just high all the time" while on probation. At the conclusion of the hearing, the court found that Joe had violated the terms and conditions of his probation by using controlled substances.

Joe argues that the State failed to show that he violated the terms and conditions of his probation. He contended that Jackson's testimony that he tested positive for drugs violated his Confrontation Clause rights, as Jackson was not the one who administered the drug tests. He also takes issue with the fact that the State waited six months after his last positive drug test to file the petition to revoke.

█ █ A defendant's probation may be revoked when a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. Ark.Code Ann. § 5–4–309(d) (Repl.2006); *Williams v. State*, 351 Ark. 229, 91 S.W.3d 68 (2002). The State need only show that the appellant committed one violation to ∟₃sustain a revocation. *Richardson v. State*, 85 Ark. App. 347, 157 S.W.3d 536 (2004). We do not reverse a revocation unless the decision is clearly against the preponderance of the evidence. *Williams, supra.*

█ Though couched in an argument challenging the sufficiency of the evidence, Joe argues that his rights under both the federal and state confrontation clauses were violated when Jackson testified about the four positive drug tests, as Jackson did not personally administer the test. We do not reach this issue, as any error resulting from the admission of that testimony was harmless. Jackson testified that Joe signed a confession admitting to marijuana use. In addition, Joe himself testified that he used controlled substances during his probationary period. Therefore, we can affirm without reaching Joe's confrontation argument. *Cf. Greene v. State*, 324 Ark. 465, 921 S.W.2d 951 (1996) (holding that any error from testimony that a probation-

---

1. There were other alleged violations, but because the trial court specifically revoked Joe's probation for using controlled substances, only facts related to that condition are outlined here.

er was found in a high-crime area was harmless in light of other evidence showing that the probationer was in possession of cocaine at the time of his arrest).

As for Joe's argument that the State chose not to revoke his probation until six months after his last positive drug test, we know of no authority requiring the State to file a revocation petition immediately upon learning that a defendant has violated the terms and conditions of his probation. The Arkansas Code allows a revocation at any time prior to the expiration of the period of suspension or probation. Ark. Code Ann. § 5–4–309(d) (Repl.2006).4 The fact that Jackson waited to revoke Joe's probation does not make the evidence any less sufficient.

The State presented sufficient evidence that Joe violated the terms and conditions of his probation by using controlled substances. Accordingly, we affirm.

Affirmed.

ROBBINS and GRUBER, JJ., agree.