# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3898

———————

United States of America,              *
                                             *

     Plaintiff - Appellee,       *

                                             *   Appeal from the United States

    v.                            *   District Court for the

                                           *   Western District of Arkansas.

Kevin Lamont Brewer,        *

                                           *

     Defendant - Appellant.    *

———————

Submitted:  September 23, 2010
Filed:  December 20, 2010

———————

Before LOKEN, HANSEN, and BENTON, Circuit Judges.

———————

LOKEN, Circuit Judge.

Kevin Lamont Brewer was charged with knowingly failing to register as a sex offender in violation of 18 U.S.C. § 2250, part of the Sex Offender Registration and Notification Act (SORNA).  He entered a conditional guilty plea, reserving the right to appeal the district court's[1] denial of his two motions to dismiss the indictment.  He now appeals, arguing that the indictment should be dismissed, and that the district court imposed a substantively unreasonable fifteen-year term of supervised release.  We affirm.

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

## I. The Motions to Dismiss

In April 1997, Brewer pleaded guilty to qualifying sex offenses in a Hawaii state court. He was sentenced to five years probation in September 1997. Under Hawaii law, that conviction required him to register as a sex offender with the Hawaii attorney general and, if he moves to another State, to register with that State if it has a registration requirement. Haw. Rev. Stat. § 846E-2(a), -6(a), -10.

By mid-1997, Brewer had relocated to Arkansas. The Arkansas Sex Offender Registration Act, effective August 1, 1997, before Brewer was sentenced in Hawaii, provided that a sex offender "moving to or returning to this state from another jurisdiction shall register with the local law enforcement agency having jurisdiction no later than thirty (30) days after August 1, 1997, or thirty (30) days after the offender establishes residency in . . . this state, whichever is later." Ark. Code. Ann. § 12-12-906(a)(4) (1997). The record reflects that Brewer first registered under the Arkansas Act in February 1998, disclosing his Hawaii conviction and signing a form acknowledging his duties as a sex offender under that Act. He registered again in Arkansas in August 2000, September 2003, and February 2004. He moved to South Africa and began educational studies in 2005. He returned to Arkansas in 2007 but did not re-register. A Deputy U.S. Marshal learned Brewer was living in Arkansas in March 2009. This federal indictment for failure to register followed.

Brewer's two motions argued the indictment should be dismissed on three grounds. Two of these contentions are foreclosed by recent decisions of this court. In United States v. May, 535 F.3d 912, 920 (8th Cir. 2008), cert. denied, 129 S. Ct. 2431 (2009), we held that prosecution of a sex offender who violates 18 U.S.C. § 2250 after the enactment of SORNA does not violate the *Ex Post Facto Clause*. In United States v. Baccam, 562 F.3d 1197, 1198-99 (8th Cir.), cert. denied, 130 S. Ct. 432 (2009), we held that the scienter requirement of SORNA is satisfied by proof of a knowing violation of state or local registration requirements, even if the defendant

had no notice of his SORNA obligations. Brewer raises these issues on appeal to preserve them but acknowledges that <u>May</u> and <u>Baccam</u> are binding on our panel. Thus, only his third ground for dismissal requires discussion. We review denial of a motion to dismiss an indictment *de novo*. <u>United States v. Howell</u>, 531 F.3d 621, 622 (8th Cir. 2008).

Brewer argues that he cannot be convicted of a knowing violation of 18 U.S.C. § 2250 because, despite four prior registrations, he had no duty to register under the Arkansas Sex Offender Registration Act when he returned to Arkansas from South Africa in 2007. This counter-intuitive argument is based upon Brewer's strained construction of what is now Ark. Code. Ann. § 12-12-905(a)(2). When enacted in 1997, this portion of section 12-12-905 provided in relevant part:

> The registration requirements of this subchapter apply to . . . (2) A person who is serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of an adjudication of guilt for . . . a sex offense . . . on August 1, 1997.

Following a 2006 amendment, this sub-part of § 12-12-905 now provides:

> (a) The registration or registration verification requirements of this subchapter apply to a person who . . . (2) Is serving a sentence of incarceration, probation, parole, or other form of community supervision as a result of *an adjudication of guilt on or after August 1, 1997*, for a sex offense . . . .

(Emphasis added.) Brewer pleaded guilty to the Hawaii sex offense in April 1997 and was sentenced to probation in September 1997. He argues that the guilty plea was an "adjudication of guilt" *before* August 1, 1997. Therefore, the 1997 Act does not apply, he had no duty to register in Arkansas when he returned from South Africa in 2007, and he cannot be guilty of knowingly violating 18 U.S.C. § 2250.

The district court rejected this contention, relying on two decisions of the Supreme Court of Arkansas construing § 12-12-905 of the Arkansas Sex Offender Registration Act as applying to persons "still serving a sentence of incarceration, probation, parole, or other form of community supervision at the time of the Act's effective date, August 1, 1997." Kellar v. Fayetteville Police Dept., 5 S.W.3d 402, 404 (Ark. 1999); see Williams v. State, 91 S.W.3d 68, 70 (Ark. 2002) (applying this interpretation to a prior conviction in another State). Brewer urges us to ignore these decisions because they did not address the argument he makes in this case. Of course, that is necessarily true, because Kellar and Williams were decided before the 2006 amendment to § 12-12-905(a)(2) upon which Brewer relies and which he self-servingly characterizes as a clarifying amendment. Like the district court, we will follow, not ignore, these Supreme Court of Arkansas decisions, both because they are controlling interpretations of state law, and because they are consistent with the plain meaning of § 12-12-905(a)(2) as first enacted. Therefore, as a result of his Hawaii conviction, Brewer was subject to the registration requirements of the Arkansas Sex Offender Registration Act when he registered in Arkansas in February 1998, disclosing that conviction.

As Brewer was subject to Arkansas registration requirements as a result of his 1997 Hawaii conviction, it is clear that he had a duty to re-register when he returned to Arkansas in 2007. See Ark. Code Ann. § 12-12-906(a)(2)(B)(i), which provides that any person living in Arkansas who must register as a sex offender in the jurisdiction where he was adjudicated "shall register as a sex offender in this state." In his reply brief and in a *pro se* supplemental brief, Brewer argues that, despite registering four times in Arkansas based upon the Hawaii conviction, he cannot be convicted of a knowing violation of SORNA because Hawaii officials never notified him of his duty to register in that State. Assuming without deciding that this is a sound interpretation of SORNA's scienter requirement as construed in Baccam, it raises an issue of fact -- whether he knowingly violated 18 U.S.C. § 2250 -- not an issue of law warranting dismissal of the indictment. Accordingly, like other issues of

-4-

fact, this issue was foreclosed by Brewer's guilty plea. See, e.g., United States v. Taylor, 519 F.3d 832, 835-36 (8th Cir. 2008). His pretrial motions to dismiss were properly denied. Therefore, his conviction must be affirmed.

## II. The Sentencing Issue

On appeal, Brewer argues that the fifteen-year term of supervised release imposed by the district court was substantively unreasonable. In support, he argues that we cannot conduct a meaningful review of reasonableness because the district court failed to explain its reasons for imposing this lengthy term and the sentencing factors it considered under 18 U.S.C. § 3583(c). But this is a claim of procedural error which is foreclosed because it was neither preserved in the district court nor argued on appeal. See United States v. Collier, 585 F.3d 1093, 1096 (8th Cir. 2009).

At sentencing, the district court expressly stated that it reviewed the sentencing factors in 18 U.S.C. § 3553(a). The term of supervised release it imposed was well below the statutory maximum of life. See 18 U.S.C. § 3583(k). Because "Congress deliberately chose to impose longer terms of supervised release on persons convicted of certain sex offenses," including SORNA offenses, we cannot conclude that the district court's imposition of a fifteen-year term was a substantively unreasonable abuse of discretion in this case. United States v. Thundershield, 474 F.3d 503, 510 (8th Cir. 2007).

The judgment of the district court is affirmed.

_____