# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3265

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Sean E. Gasaway, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 20, 2012
Filed: June 18, 2012

_____

Before LOKEN and SHEPHERD, Circuit Judges, and GERRARD,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

Sean Gasaway pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[2] sentenced Gasaway to 65 months imprisonment. Gasaway appeals his sentence. We affirm.

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable David Gregory Kays, United States District Judge for the Western District of Missouri.

I.

On October 7, 2011, police officers conducted surveillance of a building that had been recently burglarized, and they observed a vehicle back into an area near the rear of the building. As the vehicle left the building area, the officers followed it and ran a car-check, which revealed that the vehicle was registered to Gasaway and that there was an outstanding warrant for his arrest. While the officers were following the car, Gasaway pulled over into the yard of a home. Officers then took Gasaway into custody based on the outstanding warrant. Officers conducted an inventory search of the vehicle, which revealed the presence of a 6.62 x 39mm semi-automatic rifle that was loaded with six rounds of ammunition and contained a round in the chamber. The rifle was located directly behind the driver's seat. Gasaway's record revealed that he had been previously convicted of felonies.

The Government charged Gasaway with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and Gasaway pled guilty to the charge. Gasaway's Sentencing Guidelines range was 27 to 33 months based on an adjusted offense level of 12 and a Category V criminal history.

At sentencing, the parties did not dispute the PSR's calculation of the sentencing range. The Government asked for a sentence at the top of the range based on Gasaway's extensive criminal history, which included repeated assaults on women and included a recent prior conviction for being a felon in possession of a firearm.[3] Roughly five months after Gasaway was released from prison on his prior felon-in-possession conviction, he was charged with battery and intimidation of a witness as a result of his assault on his girlfriend. Following the witness intimidation

_____

[3]Gasaway was sentenced to 50 months imprisonment for his previous felon-in-possession charge but was given supervised release after three years imprisonment for good conduct.

conviction, the Government filed a petition for revocation of Gasaway's supervised release, and a revocation hearing was pending at the time of Gasaway's arrest on the instant charges. In response to the Government's request for a top-of-the-range sentence, Gasaway asked the court to sentence him at the bottom of the sentencing range based on the rough circumstances of his life. Gasaway argued that he grew up in a neighborhood filled with gangs, which he eventually joined. At the age of 18, he was shot 8 times and became paranoid and started drinking heavily. Gasaway asserted that most of his domestic violence could be attributed to alcohol use and noted that he carries a weapon based on the paranoia stemming from his being shot. After hearing the arguments from each side, the court determined that an upward variance was appropriate under the factors established in 18 U.S.C. § 3553(a) and sentenced Gasaway to 65 months imprisonment with three years of supervised release.

## II.

Gasaway argues that his sentence is substantively unreasonable because the court erred in failing to address each of the section 3553(a) factors. Though Gasaway describes his appeal as a challenge to the substantive reasonableness of the sentence, to the extent that he argues that the district court erred in failing to correctly consider the section 3553(a) factors, Gasaway makes an argument of procedural error. See United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009). Gasaway did not make any objections of procedural error at sentencing, thus our review is for plain error. United States v. Deegan, 605 F.3d 625, 629 (8th Cir. 2010).

Section 3553(a) lists factors that a court must consider in determining a particular sentence. Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence

imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for—(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7) (line breaks omitted).

Gasaway argues the court erred because it "failed to address the numerous substance abuse and mental health problems suffered by . . . Gasaway and the obvious additional hardship associated with those issues which would warrant a sentence within the sentencing guidelines." Gasaway also argues that "[t]he sentence imposed by the court did not address the disparity between sentences throughout the country" and "failed to fully address the fact that . . . Gasaway would be significantly punished for violating his Supervised Release."

The district court expressly considered many of the section 3553(a) factors. Specifically, the court focused on the nature and circumstances of the offense. The court noted that Gasaway had been involved in assaultive behavior and that the firearm was loaded with a round in the chamber when Gasaway was arrested. The court remarked on the highly dangerous nature of a violent person possessing a loaded weapon. Additionally, the court spoke to the nature and circumstances of Gasaway individually and noted his assaultive history. The court also expressed concern that Gasaway's prior conviction for being a felon in possession carried a

much higher sentence than that recommended by the Guidelines for his instant offense. The court worried that giving Gasaway a lower sentence for his second identical offense would not further the sentencing objective of deterrence. The court also noted that immediately upon release from his last conviction for being a felon in possession, Gasaway committed an assault.

Gasaway is correct that the district court did not expressly address the section 3553(a) factor of the need to avoid unwarranted sentencing disparities and also did not directly address Gasaway's difficult life or alcohol problems. However, the court stated it had considered all of the sentencing factors, and it is clear from the record that the court was on notice of Gasaway's mitigating life circumstances. In sentencing a defendant, "it is often enough that a judge only reference some of the factors." United States v. McGlothen, 556 F.3d 698, 702 (8th Cir. 2009). "Although the court could have made specific reference to other factors relevant under § 3553(a), we are satisfied that the court was aware of the statute and adequately considered it in determining the appropriate sentence." United States v. Benton, 627 F.3d 1051, 1055 (8th Cir. 2010). "The district court is presumed to know the law in regard to sentencing and need not recite each factor to be upheld. When we review the § 3553(a) factors, we will look to the entire record." Keating, 579 F.3d at 893 (internal citation omitted). Accordingly, the court committed no procedural error.

Gasaway also contends that his sentence was substantively unreasonable based on an argument that the court gave too much weight to some of the section 3553(a) factors and not enough weight to others. "'Substantive appellate review in sentencing cases is narrow and deferential . . . . [I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" United States v. Shuler, 598 F.3d 444, 447 (8th Cir. 2010) (quoting United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc)). "When the district court imposes a sentence outside the Guidelines range, . . . . [we] 'may consider the extent of the deviation, but must give due deference to

the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" United States v. Osei, Nos. 11-1447, 11-1448, 2012 WL 1758824 at 4 (8th Cir. May 18, 2012) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The court stated that it considered all of the section 3553(a) factors. It was within the court's discretion to determine what weight to give each factor in the determination of Gasaway's sentence. "'[A] sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.'" United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011), cert. denied, __ S Ct. __, No. 11-9218, 2012 WL 761546 (Apr. 16, 2012) (quoting United States v. Lozoya, 623 F.3d 624, 627 (8th Cir. 2010)). We recognize that Gasaway's sentence is substantially longer than the top of his Guideline sentencing range. However, the court did not abuse its considerable discretion in weighing the section 3553(a) factors and in arriving at Gasaway's sentence.

III.

For the foregoing reasons, we affirm.

Loken, Circuit Judge, concurring.

I agree that Mr. Gasaway's sentence is not substantively unreasonable and for that reason concur in the decision to affirm. He did not assert a claim of procedural sentencing error either in the district court or on appeal. I therefore disagree with the section of the opinion that conjures up such an issue and gives it plain error review. See United States v. Brewer, 628 F.3d 975, 978 (8th Cir. 2010), cert. denied, 132 S. Ct. 126 (2011).

_____