[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15496
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00011-SPM-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

vs.

CEDRIC EUGENE CORL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 2, 2013)

Before TJOFLAT, PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Cedric Corl pled guilty to violating 18 U.S.C. § 2259(a) by failing to register

as required by the Sex Offender Registration and Notification Act, 42 U.S.C. §

16901 et seq.  The district court sentenced him to 18 months' imprisonment, to be

followed by a 10-year term of supervised release.  On appeal, Mr. Corl challenges the supervised release term as substantively unreasonable, arguing that the district did not adequately justify such a lengthy period of supervised release.

Insofar as procedural and substantive reasonableness concerned, our review is for abuse of discretion.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  For the reasons which follow, we affirm.

We find no abuse of discretion with respect to the 10-year term of supervised release.  First, we note that the district court had to impose a minimum 5-year term of supervised release, and could have placed Mr. Corl on supervised release for life.  *See* 18 U.S.C. § 3583(k).  Second, Mr. Corl had two prior convictions for sex-related misconduct (a battery in 1999 for improperly touching an 8-year old girl and an attempted second-degree rape in 2005 involving his nephew's girlfriend).  *See* Presentence Investigation Report at ¶¶ 31-32.  Third, Mr. Corl had failed to register as a sex offender for several years following his release from prison in 2008.  *See* Change of Plea Hearing Transcript [D.E. 49] at 17-18.  On this record, the district court had sufficient reason to conclude that "a lengthy term of supervision [was] warranted."  *See* Order on Defendant's Objection to Sentence [D.E. 39] at 1.  *See also United States v. Brewer*, 628 F.3d 975, 978 (8th Cir. 2010) (upholding 15-year term of supervised release for defendant who failed to register as a sex offender).

2

We also find no procedural error.  Not only did the district court expressly say that a lengthy term of supervised release was necessary, the record showed that Mr. Corl traveled to other states to work as a welder, and the district court explained that during "the term of supervised release the probation officer can help [Mr. Corl] comply with the registration requirements and allow him to engage in work opportunities."  *See* Order on Defendant's Objection to Sentence at 1.  This is not a case like *United States v. Fraga*, 704 F.3d 432, 441-42 (5th Cir. 2013), where the district court erred by suggesting that it "automatically defaulted to the imposition of a lifetime term" of supervised release.

**AFFIRMED.**