

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-12-1002

| | |
|---|---|
| JASON D. ROBISON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** August 28, 2013<br><br>APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT,<br>[CR-2009-154]<br><br>HONORABLE HAROLD S. ERWIN, JUDGE<br><br>AFFIRMED |

### WAYMOND M. BROWN, Judge

Appellant appeals the circuit court's revocation of his probation. On appeal, appellant argues that (1) the trial court's finding that he was in Oklahoma for over a month and was therefore untruthful to his supervising officer was clearly against the preponderance of the evidence and (2) appellant did not inexcusably violate the terms of his probation. We affirm.

On August 25, 2009, appellant pled guilty to sexual assault in the second degree. He was sentenced to 120 days in the county jail and was placed on probation for sixty months. As conditions of his probation, appellant was required to register as a sex offender, remain within the State of Arkansas unless granted permission to leave by a supervising officer, and be truthful in all statements made to a supervising officer, among others.



On August 17, 2012, the State filed a petition to revoke appellant's probation. In it, the State alleged that appellant violated five conditions of his probation, specifically, that appellant violated the following conditions:

1. You must not commit a criminal offense punishable by imprisonment (condition 1);
2. You must report as directed to a supervising officer and permit him or her to visit you in your residence, place of employment or other property (condition 6);
3. You must remain within the State of Arkansas, unless granted permission to leave by a supervising officer (condition 8);
4. You must be truthful in all statements made to your supervising officer (condition 12); and
5. You must comply with the special conditions imposed by the Court (condition 17). A hearing was held on the matter on October 3, 2012.

During that hearing, appellant's probation officer, Brooke Junkersfeld, testified that appellant applied for a transfer of supervision to Oklahoma on July 18, 2012, with the understanding that he could not leave until this transfer went through. She stated that appellant was informed that he would have to wait another forty-five days before he could leave when he submitted a new application after the first one was denied for having an address in a restricted zone. Junkersfeld disclosed that she had learned of appellant's move to Oklahoma from Tina Pierce of the Payne County Sheriff's Office on August 16, 2012. Ms. Pierce had been contacted by Jason Nixon of the Oklahoma Probation and Parole Office who informed her that he had spoken with a relative of appellant who said appellant had been in Oklahoma since July 4, 2012. Junkersfeld further informed the court that appellant (1) did not ask for a list of homeless shelter,s which she would have provided; (2) admitted to Junkersfeld that he had been in Oklahoma during their July 17, 2012 interview; (3) admitted to failing

to get prior approval before moving to Oklahoma; and (4) failed to register as a sex offender once there.

Norman Swafford, owner of the impound yard appellant moved to, testified that appellant had only worked for his boss about a week or a week and a half.

Appellant testified on his own behalf. He admitted that he left early. He testified that he had admitted to Junkersfeld that he had left the state. And though he claimed homelessness was the reason for his early departure, he admitted that he "never checked out" a homeless shelter. He also admitted that he failed to register despite his knowledge that his failure to do so was a violation of the law and the conditions of his probation.

At the close of the testimony, the circuit court found that appellant moved to Oklahoma in early July without prior approval and failed to register. It then sentenced appellant to 180 months in the Arkansas Department of Correction, which was reflected in a sentencing order filed October 4, 2012. This appeal followed.

Appellant argues that he did not inexcusably violate the terms of his probation. A sentence of probation may be revoked when a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation or suspended sentence.[1] But it need only prove that a defendant violated one probationary term or condition before a circuit court may revoke probation.[2] We will not reverse the circuit

---

[1]*Gowen v. State*, 2011 Ark. App. 761, at 8, 387 S.W.3d 230, 234 (citing *Jenkins v. State*, 2011 Ark. App. 248).

[2] *Lambert v. State*, 2013 Ark. App. 64, at 3, ___ S.W.3d ___, ___ (citing *Rudd v. State*, 76 Ark. App. 121, 124, 61 S.W.3d 885, 888 (2001)).

SLIP OPINION

court's findings unless they are clearly against the preponderance of the evidence.[3] Evidence that would not support a criminal conviction in the first instance may be enough to revoke probation or a suspended sentence.[4] Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony; so we defer to the circuit court's superior position when it comes to assessing a witness's believability.[5]

Appellant admitted that he violated his probation conditions by moving to Oklahoma without prior approval and by failing to register as a sex offender once he arrived. Appellant's testimony, by itself, is sufficient evidence that he violated the terms and conditions of his probation.[6] He does not contest that he violated the conditions of his probation; however, he argues that his violation was excusable due to his homelessness. Appellant never requested assistance with his homelessness from his probation officer and never took the initiative to seek out a shelter on his own. His violations, therefore, were not excusable.

Appellant also argues that the trial court's finding that he was in Oklahoma for over a month and was therefore untruthful to his supervising officer was clearly against the preponderance of the evidence. Junkersfeld testified that appellant admitted that he was already in Oklahoma during their July 17 interview. Junkersfeld also testified that she had

---

[3] *Id.* (citing *Williams v. State*, 351 Ark. 229, 234, 91 S.W.3d 68, 70 (2002)).

[4] *Id.* (citing *Williams*, *supra*).

[5] *Id.* (citing *Williams*, *supra*).

[6] *Jones v. State*, 2012 Ark. App. 69, at 7, 388 S.W.3d 503, 508.

SLIP OPINION

been informed that appellant had been in Oklahoma since July 4. Appellant testified that he had been in Oklahoma thirteen days without clarifying whether those thirteen days were prior to the July 17 interview or his August 16 return to Arkansas. In either case, appellant testified that he had been in Oklahoma during his July 17 interview. The trier of fact is not required to believe the testimony of a criminal defendant, who is the person most interested in the outcome of the proceeding.[7] We find no error.

Affirmed.

GLOVER and WOOD, JJ., agree.

*Devon N. Holder*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.

---

[7] *Turner v. State*, 2012 Ark. App. 150, at 8, 391 S.W.3d 358, 363 (citing *Zones v. State*, 287 Ark. 483, 702 S.W.2d 1 (1985)).