SLIP OPINION

Cite as 2014 Ark. App. 593

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-14-338

| | |
|---|---|
| | Opinion Delivered OCTOBER 29, 2014 |
| MELISSA MCCANN ARMS<br>APPELLANT | APPEAL FROM THE POLK<br>COUNTY CIRCUIT COURT<br>[NO. CR-11-133-1] |
| V. | |
| | HONORABLE J.W. LOONEY,<br>JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Melissa McCann Arms pleaded guilty to a theft charge in March 2012 in Polk County Circuit Court, receiving a three-year term of probation. This crime exposed appellant to a possible three-to-ten-year sentence, up to a $10,000 fine, or both. Appellant agreed to abide by numerous written conditions of probation. Approximately a year-and-a-half later, in August 2013, the State filed a petition to revoke, citing three violations of her conditions of probation, all relating to her use of methamphetamine. A revocation hearing was conducted in January 2014, at the conclusion of which she was found to have violated the condition of her probation that forbade her from using a controlled substance. As a consequence, appellant was sentenced to six years in prison for the underlying crime. A timely notice of appeal followed. We affirm.

In a revocation proceeding, the State need only establish one of the bases alleged in its petition to revoke, and the burden is by a preponderance of the evidence. *James v. State*, 2012 Ark. App. 429. The trial court, in order to revoke probation, must find that the defendant inexcusably failed to comply with a condition of probation. *Id.* Our court reviews the trial court's findings to determine if they are clearly against the preponderance of the evidence, leaving any credibility calls and determinations of the weight of evidence to the finder of fact. *Rudd v. State*, 76 Ark. App. 121, 61 S.W.3d 885 (2001).

Appellant's argument is that she "had problems with methamphetamine" such that her admitted use of the drug within months of agreeing to a three-year probationary term was not "inexcusable" but rather "could be excusable." She stated that she smoked and injected it several times between October 2012 and November 2012. She also admitted that her son tested positive for drugs at his birth in November 2012. Since that time, she said she had attended drug treatment and was attending support-group meetings to maintain her sobriety.

Her argument—that the trial court could have found her drug addiction to be a reasonable excuse for her noncompliance—was a legitimate argument to make before the trial court but not our court on appeal because it ignores our standard of review. Here, appellant admittedly understood the conditions of her three-year probation and admittedly violated the terms of her probation by repeatedly using methamphetamine.

The trial court's decision to revoke is not clearly against the preponderance of the evidence. We, therefore, affirm.

WHITEAKER and BROWN, JJ., agree.

*Randy Rainwater*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Ashley Argo Priest*, Ass't Att'y Gen., for appellee.