

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14-660

| | |
|---|---|
| VINCENT SHOWERS | **Opinion Delivered:** January 14, 2015 |
| APPELLANT | |
| | APPEAL FROM THE CRITTENDEN |
| V. | COUNTY CIRCUIT COURT |
| | [NO. CR-2009-340] |
| STATE OF ARKANSAS | |
| | HONORABLE RALPH WILSON, JR., |
| APPELLEE | JUDGE |
| | |
| | AFFIRMED; MOTION TO |
| | WITHDRAW GRANTED |

**WAYMOND M. BROWN, Judge**

This is a no-merit appeal from the revocation of appellant Vincent Showers's probation, wherein he was sentenced to thirty-six months in the Arkansas Department of Correction. Appellant's counsel has filed a motion to withdraw and a no-merit brief pursuant to *Anders v. California*[1] and Arkansas Supreme Court Rule 4–3(k)(1). Appellant was provided with a copy of his attorney's brief and was notified of his right to file a list of pro se points on appeal within thirty days; however, he has not raised any pro se points for reversal. We find no meritorious grounds for an appeal; therefore, we affirm and grant counsel's motion to withdraw.

On June 8, 2009, appellant pleaded guilty to the offense of theft, a Class C felony, and received a sentence of eighteen months' supervised probation. On November 16, 2009, the State filed a petition to revoke appellant's probation. After a hearing on April

---

[1]386 U.S. 738 (1967).

SLIP OPINION

30, 2014, the circuit court found that appellant had violated the terms and conditions of his probation by not paying fines and costs as ordered, not reporting to probation, and not paying his probation fee, and sentenced him to thirty-six months in the Arkansas Department of Correction, followed by thirty-six months' suspended imposition of sentence. Appellant filed a timely notice of appeal on May 19, 2014.

An attorney's request to withdraw from appellate representation based upon a meritless appeal must be accompanied by a brief that contains a list of all adverse rulings to his client made on any objection, motion, or request made by either party.[2] Here, the record contains only one adverse ruling: the decision to revoke appellant's probation. A sentence may be revoked when the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation.[3] We do not reverse a trial court's findings on appeal unless they are clearly against a preponderance of the evidence,[4] and we defer to the trial court's superior position for questions of credibility and weight to be given testimony.[5]

As argued by counsel, an appeal in this case would be wholly without merit. The State alleged that Showers violated the terms and conditions of his probation by failing to report to his probation officer as directed and by failing to pay the fees, fines, and costs

---

[2]*McWilliams v. State*, 2009 Ark. App. 542, 336 S.W.3d 884.

[3]*LeFlore v. State*, 2012 Ark. App. 355.

[4]*Dees v. State*, 2012 Ark. App. 345.

[5]Id. (citing *Williams v. State*, 351 Ark. 229, 91 S.W.3d 68 (2002)).

SLIP OPINION

required by his probation. The State provided testimony verifying its allegations and, therefore, the record clearly supports the revocation of his probation.

Counsel has complied with the dictates of *Anders* and Ark. Sup. Ct. Rule 4–3(k)(1). Accordingly, we affirm the revocation of Showers's probation and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HARRISON and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

No response.