
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–514

| | |
|---|---|
| NATALIE NICOLE ALSBROOK<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** January 6, 2016<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO.CR-2013-264]<br><br>HONORABLE RALPH WILSON, JR., JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the circuit court's revocation of her probation and subsequent sentence of eighteen months' imprisonment in the Department of Community of Correction, to be followed by thirty-six months' suspended imposition of sentence. On appeal, appellant's sole argument is that the circuit court erred in finding that appellant's violations were inexcusable. We affirm.

On April 29, 2013, appellant pled guilty to the offense of possession of a schedule I controlled substance, a Class D felony, and received a sentence of five years' probation. On January 16, 2014, the State filed a petition for revocation of probation alleging that appellant had committed the following violations: 1) failure to pay fines, costs, and fees as directed; 2) failure to report to probation and drug counseling sessions as directed; 3) failure to pay probation fees; 4) failure to notify sheriff and probation of current address and employment; and 5) positive drug tests for opiates, marijuana, amphetamines, and benzodiazepines on November 26, 2013, and December 19, 2013.

On September 6, 2014, a search of a vehicle driven by appellant during a traffic stop disclosed six hypodermic needles containing a brown substance.[1] She denied knowing the needles were in the vehicle. She was taken into police custody.

On September 11, 2014, the State filed an amended petition for revocation of probation adding violations for 1) a positive drug test for heroin/opiates on June 16, 2014; 2) operating a motor vehicle with no driver's license in possession; and 3) possession of drug paraphernalia.

A hearing on the revocation petition was held on February 19, 2015. Appellant's probation officer testified that he gave appellant her intake. Her intake included going over the conditions of her probation, which included the requirements that she report as directed, pay all supervision fees, and not violate any state, federal, city, or other law. He testified that appellant tested positive for marijuana and opiates on December 19, 2013; opiates on June 26, 2014; and opiates, benzodiazepines, and marijuana on October 14, 2014.[2] He also testified that appellant failed to report to four appointments early on in her probation, one of which was for her initial assessment with the drug counselor.[3] He went on to testify that she had failed to report to him at all since October 14, 2014.

---

[1] While the needles were placed in evidence, the substance contained in them was never tested.

[2] She also tested positive on a drug test on November 6, 2013; however, the probation officer did not detail what drug she tested positive to in his violation report.

[3] The dates were January 2, 2014; January 6 or 7, 2014 (the probation officer was not sure which date was correct); January 9, 2014; and February 25, 2014. Appellant was also unavailable when her probation officer conducted a home visit on January 8, 2014.

SLIP OPINION

The arresting officer during her September 6, 2014 traffic stop testified that appellant was driving without a license and that her demeanor changed to include the appearance of nervousness and rapid speech as he approached the car window. He stated that upon finding the hypodermic needles, appellant told him that they were used for shooting dope, though she said they were for insulin at the police station. The officer testified that appellant denied that the needles belonged to her. The car belonged to a "Brian" and not appellant.

Appellant asserted that she went to a drug counseling session in October 2014 and applied for the drug court program.[4] She stated that she was borrowing the car from Brian David Hill and that she would not have consented to the search if she had known the hypodermic needles were in the car. She denied being an intravenous user. She admitted that she had a "drug problem." She claimed to have a prescription for the benzodiazepines, but she "never took Ms. Evans the paperwork."[5] She had no explanation for her positive marijuana drug test. She did not address her failure to report. She admitted not having her driver's license with her when she was stopped on September 6, 2014.

The circuit court found that appellant had inexcusably failed to comply with probation conditions requiring that she report to her probation officer as directed and test negative on drug tests. It specifically noted appellant's failure to attend drug counseling class as directed by her probation officer and her positive drug tests for opiates on June 26, 2014;

---

[4] No proof of either assertion was submitted.

[5] What role Ms. Evans played was not clear.

and opiates, benzodiazepine, and marijuana on October 14, 2014. This timely appeal followed.

If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his suspension, the court may revoke the suspension at any time prior to the time it expires.[6] Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of a suspended sentence.[7] This court will not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence.[8] We must give due regard to the circuit court's superior position in determining the credibility of witnesses and weight to be given their testimony.[9] In order to support revocation of probation, the State has the burden of proof but need prove only one violation of conditions of probation.[10] Appellant argues that the evidence was insufficient to prove that she "inexcusably" failed to comply with a condition of her probation as required for revocation under Arkansas Code Annotated section 16-93-308(d). The term "inexcusable" is defined as "incapable of being excused or justified–Syn. unpardonable, unforgivable,

---

[6] *Ta v. State*, 2015 Ark. App. 220, at 3, 459 S.W.3d 325, 327 (citing Ark. Code Ann. § 16-93-308(d) (Supp. 2013)).

[7] *Id.*, 2015 Ark. App. 220, at 3, 459 S.W.3d at 328 (citing *Sherril v. State*, 2014 Ark. App. 411, 439 S.W.3d 76).

[8] *Reyes v. State*, 2015 Ark. App. 55, at 2, 454 S.W.3d 279, 280 (citing *Owens v. State*, 2009 Ark. App. 876, at 6, 372 S.W.3d 415, 419).

[9] *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154 (citing *Vail v. State*, 2014 Ark. App. 407, 438 S.W.3d 286).

[10] *Id.* (citing *Robinson v. State*, 2014 Ark. App. 579, 446 S.W.3d 190).

intolerable."[11] "Forgivable, pardonable, and excusable behavior" does not justify a probation revocation.[12]

Appellant first argues that appellee failed to prove that her failure to report was inexcusable. Normally, an appellant is limited on appeal by the nature and scope of the allegations as those allegations were addressed to the trial court.[13] However, we treat appellant's argument as one for sufficiency of the evidence supporting the revocation. While appellant did not make a motion to dismiss, no such motion is necessary to preserve an objection to the sufficiency of the evidence to support a revocation.[14]

Appellant's probation officer testified that she missed four appointments with him in the months of January and February. He further testified that she had no contact with him after October 14, 2014. Appellant argues that there was no proof submitted that she had appointments scheduled with her probation officer at those times, and therefore, the argument goes, there was no proof that she inexcusably missed appointments. However, appellant did not argue before the circuit court that she was not supposed to meet with her

---

[11] *Anglin v. State*, 98 Ark. App. 34, 37, 249 S.W.3d 836, 838 (2007) (citing *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001) (citing Random House Compact Unabridged Dictionary 977 (1996))).

[12] *Reyes, supra* (citing *Schubert v. State*, 2013 Ark. App. 698, at 4).

[13] *Weekly v. State*, 2014 Ark. 365, at 5, 440 S.W.3d 341, 345 (2014) (citing *Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000) (holding that a party cannot change the nature and scope of his argument on appeal); *Matthews v. Hobbs*, 2013 Ark. 381).

[14] *McWilliams v. State*, 2009 Ark. App. 542, at 3, 336 S.W.3d 884, 885 (2009) (citing *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001); *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004)).

SLIP OPINION

probation officer at or during the times her probation officer asserted that she was absent. Nor did she argue below that she missed appointments after October 14, 2014, because she was allegedly imprisoned as she now argues before this court,[15] despite her own testimony that she "did Christmas and Thanksgiving with [her] family and then sat in jail."

The State proved that appellant violated the condition of her probation that required that she report to her probation officer. Though appellant now argues that no proof was submitted that she had appointments scheduled with her probation officer on the specific dates that he asserted she missed and that she missed later appointments because she was in jail,[16] no evidence of the same was submitted below. Furthermore, she only denied failing to report to drug counseling; she did not deny failing to report on any of the dates or time periods testified to by her probation officer. Accordingly, there was no evidence before the court that appellant's violation may have been, or was, excusable.

Because we affirm appellant's probation revocation under the failure-to-report violation, we are not required to address appellant's argument that the circuit court erred in finding that her positive drug tests were inexcusable. However, we note that a bare assertion of a "drug problem" is not sufficient evidence to support a finding that a failed drug test is

---

[15] The record below is clear that appellant was not in jail until December 26, 2014, as her then-attorney advised the court.

[16] We note that appellant's argument that she failed to report to her probation officer after October 14, 2014, due to being incarcerated on a warrant was itself a violation of the conditions of her probation which state that "The defendant shall live a law-abiding life, be of good behavior and not violate any state, federal, or municipal law."

excusable. [17] We note also that this argument was not raised below, therefore we will address it no further.

Affirmed.

GRUBER and HIXSON, JJ., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Evelyn D. Gomez*, Ass't Att'y Gen., for appellee.

---

[17] Appellant argues that chemical dependency has been recognized by the supreme court as a disease, which is true; however, she provides no caselaw showing that the same has been found to be a reasonable excuse for a probation revocation, nor did she provide any credible evidence that she was suffering from chemical dependency beyond her own testimony that she had a "drug problem." *See In Re Application of Crossley*, 301 Ark. 435 (1992). This court does not consider an argument, even a constitutional one, if the appellant makes no convincing argument or cites no authority to support it, and it is not apparent without further research that the appellant's argument is well taken. *Nelson v. State*, 2011 Ark. 429, at 8, 384 S.W.3d 534, 539 (2011) (citing *Talbert v. State*, 367 Ark. 262, 239 S.W.3d 504 (2006)). We further note *Arms v. State*, 2014 Ark. App. 593, which stated regarding Arms's argument that the trial court could have found her drug addiction to be a reasonable excuse for her noncompliance, that it was a legitimate argument to make before the trial court but not our court on appeal because it ignores our standard of review. Accordingly, this court affirmed Arms's revocation because she admitted that she understood the conditions of her probation and admitted violating those terms by using methamphetamine. Likewise, appellant makes no argument that she did not understand the conditions of her probation, which she signed on April 29, 2013, and admitted to using drugs.