Cite as 2020 Ark. App. 190

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-624

| | |
|---|---|
| JUSTIN MARSHALL<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** March 18, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NOS. 60CR-11-654 & 60CR-12-3567]<br><br>HONORABLE HERBERT WRIGHT, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Justin Marshall appeals the revocation of his probation in two cases.[1] The State filed petitions to revoke in both cases on August 16, 2018, including allegations that Marshall (1) had failed to report to his supervising probation officer since June 28, 2018, and (2) had tested positive for marijuana on August 16, 2017. At the revocation hearing, Marshall did not deny those violations. The issue before the circuit court was whether the violations were "inexcusable." We affirm.

In order to revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation. *See Joseph v. State*, 2019 Ark. App. 276, 577 S.W.3d 55. The State has the burden of proof by the

---

[1]In 60CR-11-654, Marshall pleaded guilty to felon in possession of a firearm and theft by receiving. In 60CR-12-3567, Marshall pleaded guilty to felon in possession of a firearm and three misdemeanor offenses.

preponderance of the evidence but need only prove one violation. *Id.* We will not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Id.* Determining whether a preponderance of the evidence exists turns on questions of credibility and weight to be given to the testimony. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490. We defer to the circuit court's superior position in evaluating the credibility and weight to be given testimony. *Turner v. State*, 2019 Ark. App. 534, 590 S.W.3d 158. The term "inexcusable" is defined as "incapable of being excused or justified—Syn. unpardonable, unforgivable, intolerable." *Alsbrook v. State*, 2016 Ark. App. 8, at 4-5, 479 S.W.3d 584, 586-87. In contrast, "[f]orgivable, pardonable, and excusable behavior" does not justify a probation revocation. *Id.* at 5, 479 S.W.3d 586–87.

With those legal principles guiding our review, we turn to the evidence presented in this case. As stated, Marshall's appellate argument is that the circuit court clearly erred because the State failed to prove his violations were "inexcusable." At the revocation hearing, the State presented the testimony of Marshall's probation officer, and Marshall testified on his own behalf.

As to the failures to report, the probation officer established that Marshall failed to report on July 16 and rescheduled to report on August 7. Marshall failed to report on August 7. The probation officer made phone calls but could not contact Marshall, so the officer went to Marshall's house on August 13 and told Marshall to report the next day. Marshall did not report. This was what initiated the revocation process. Marshall acknowledged that he "dropped the ball" and "messed up" by not reporting, which was his

fault. Marshall stated that he attended barber school instead of reporting to his probation officer.

As to the positive drug test, the probation officer testified that Marshall tested positive for THC in August 2017, but he did not request revocation at that time because their policy was not to seek revocation until after three positive drug tests. In his testimony, Marshall did not mention anything about the positive drug test.

The State urged the circuit court to revoke for both of Marshall's willful violations. Defense counsel acknowledged that Marshall was in violation but contended that the failure to report was the issue, not drugs. Defense counsel asked that his probation be extended. The circuit court found that Marshall had violated the conditions of his probation, sentenced him accordingly, and this appeal followed.

Marshall contends that his reasons for not reporting were valid, meaning that the State failed to prove that his behavior was "inexcusable." We disagree. The circuit court had the authority to accept or reject Marshall's excuses for noncompliance. *See Stewart v. State*, 2018 Ark. App. 306, 550 S.W.3d 916. Giving due deference to the circuit court's determinations of credibility and the weight to accord the evidence, we cannot say that the circuit court clearly erred in finding that Marshall "inexcusably" failed to comply with the reporting condition of his probation.

Because the failure-to-report violation supports revocation, we need not address the positive-drug-test violation. Even so, Marshall failed to rebut or offer any excuse for his testing positive for marijuana, which would alone be sufficient to revoke his probation.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.