Paul Eugene MASHBURN, Jr. *v.* STATE of Arkansas

CA CR 03-1121                                         189 S.W.3d 73

Court of Appeals of Arkansas
Division I
Opinion delivered June 23, 2004

*Bowen & Wiggins Law Firm, PLLC*, by: *J. Brooks Wiggins*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. Paul Mashburn appeals from the trial court's decision to revoke his probation for failure to register as a sex offender. Appellant contends that the trial court erred by interpreting Ark. Code Ann. §§ 12-12-904 (Repl. 2003) and 12-12-903 (Repl. 2003) as not allowing a thirty- day grace period for reporting a change of employment and by misinterpreting Ark. Code Ann. § 12-12-904(a)(2)(B) in light of the provisions of Ark. Code Ann. § 12-12-1303 (Repl. 2003). We affirm.

Appellant moved to Van Buren, Arkansas, after being convicted as a sex offender in Oklahoma. Appellant later pled guilty to failure to register as a sex offender on May 24, 2001, and was sentenced to six years' imprisonment with four of the years suspended. After he was released from prison, appellant registered as a sex offender. At the time appellant registered with the Van Buren Police Department, he was residing at 15 Fayetteville Road, Apt. #1, and he worked at O.K. Foods.

On May 14, 2003, Steve Weaver, a detective with the Van Buren Police Department, noticed that a report had been filed against appellant. The person who filed the report listed her residence as the same residence given to the police department by appellant. Officer Weaver checked with the Sheriff's office and found out that the Sheriff's office served appellant an eviction notice on April 7, 2003. On May 14, 2003, Officer Weaver located appellant at a location near Interstate 40 and Highway 59 and arrested him for failure to register as a sex offender.

Officer Weaver also contacted O.K. Foods and learned that appellant's last day in that employment was April 18, 2003. According to appellant, he was living in his car at the time he was arrested. At a revocation hearing, the trial court concluded that appellant violated Ark. Code Ann. § 12-12-904(a)(1) by failing to report a change in employment and by refusing to cooperate with the assessment process by intentionally failing to establish a residence in order to avoid the reporting requirements. The trial court revoked appellant's probation, and sentenced him to thirty-six months in the Arkansas Department of Correction.

██ In a revocation hearing, the State has the burden of proving a violation of a condition of probation or the suspended sentence by a preponderance of the evidence. *Williams v. State,* 351 Ark. 229, 91 S.W.3d 68 (2002). On appeal, we will uphold the trial court's findings unless they are clearly against the preponderance of the evidence. *Id.* We defer to the trial court's superior position for questions of credibility and weight to be given to testimony. *Id.*

Arkansas Code Annotated section 12-12-909(b)(1) (Repl. 2003), clearly states that before a change of address *within the state,* a sex offender shall report the change of address to the center no later than *ten days* before the offender establishes residency or is temporarily domiciled at the new address. (Emphasis added.) The legislature defined a "change of address" in Ark. Code Ann. § 12-12-903(4) in the following way:

> (4) "Change of address" or other words of similar import mean a change of residence or a change for more than thirty (30) days of temporary domicile, *change of location of employment,* education or training, or any other change that alters where an offender regularly spends a substantial amount of time.

(Emphasis added.) Arkansas Code Annotated section 12-12-904(a)(1) says that a person who fails to report changes of employment or who

refuses to cooperate with the assessment process will be guilty of a Class D felony. It is an affirmative defense to prosecution if the person provides the new address to the Arkansas Crime Information Center in writing no later than five business days after the offender establishes residency. Ark. Code Ann. § 12-12-904(a)(2)(A)(ii) (Repl. 2003).

Appellant does not dispute that he was unemployed from April 18, 2003, until he was arrested on May 14, 2003. However, appellant argues that he was allowed thirty days to report his change of employment under Ark. Code Ann. § 12-12-903(4). Appellant also cites *Williams v. State,* 351 Ark. 229, 91 S.W.3d 68 (2002), and the thirty-day provision that applies to sex offenders moving to or returning to this state from another jurisdiction.

In *Williams,* the defendant had returned to Arkansas from Arizona, but failed to register in Arkansas. According to Ark. Code Ann. § 12-12-906(a)(2)(A), a sex offender returning to Arkansas from another jurisdiction has to register no later than thirty days after the offender establishes residency in a municipality or county of the state. Since the defendant in *Williams* was returning from Arizona he had thirty days to register. In the present case, appellant's previous job was in Arkansas, so Ark. Code Ann. § 12-12-906(a)(2)(A) is not applicable.

Similarly, Ark. Code Ann. § 12-12-903(4) is only relevant to this case because it defines a change of address to include a change in the location of employment. The provision does not give a thirty day grace period for a sex offender to report a change in employment. The statute defines a change of residence to include a change for more than thirty days of temporary domicile. The term "more than thirty (30) days" only modifies temporary domicile, and is not relevant to when a sexual offender is required to report a change in the location of employment.

Arkansas Code Annotated section 12-12-909(b)(1) is the controlling statute in this case, and it requires a sex offender to report a change in employment no later than ten days before the offender establishes new employment. According to Ark. Code Ann. § 12-12-904, it is an affirmative defense to prosecution if the delay in reporting the change is caused by an eviction, a natural disaster, or any other unforseen circumstance, and the person provides notice of the change within five business days after new employment is established. Appellant did not assert an affirmative

defense for failure to register his change in employment. In addition, he did not prove his entitlement to an affirmative defense.

We examine acts in their entirety, and we reconcile provisions to make them consistent, harmonious, and sensible in order to give effect to every part of the statute. *Thomas v. Cornell,* 316 Ark. 366, 872 S.W.2d 370 (1994). Arkansas Code Annotated section 12-12-909 requires sex offenders to report changes in employment ten days before they occur. Arkansas Code Annotated section 12-12-904 provides sex offenders with an affirmative defense if they notify authorities no later than five days after changing employment. Reading the two statutes together makes it clear that appellant should have notified authorities ten days prior to changing employment, absent an affirmative defense. The legislature requires sex offenders to report changes in employment, and the loss of employment constitutes a change. Accordingly, the trial court did not err in interpreting Ark. Code Ann. §§ 12-12-904 and 12-12-903 as not allowing a thirty-day grace period for reporting a change in employment.

Appellant's second point is that the trial court erred in finding that he violated Ark. Code Ann. § 12-12-904(a)(2)(B) by refusing to cooperate with an assessment. We need not address appellant's second point on appeal. In order to revoke appellant's suspended sentence, the State only had to prove appellant violated one condition of the suspended sentence. *Peterson v. State,* 81 Ark. App. 226, 100 S.W.3d 66 (2003). We hold that appellant violated a condition of his suspended sentence when he failed to report his change in employment.

Affirmed.

GLADWIN and BIRD, JJ., agree.