Cite as 2020 Ark. App. 84

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-645

|  |  |
|---|---|
| CHARLES ALLEN | **Opinion Delivered** February 5, 2020 |
| APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-11-540 AND 17CR-13-159] |
| V. | HONORABLE GARY COTTRELL, JUDGE |
| STATE OF ARKANSAS | AFFIRMED |
| APPELLEE | |

## LARRY D. VAUGHT, Judge

Charles Allen appeals the sentencing order entered by the Crawford County Circuit Court convicting him of second-degree sexual assault and being a felon in possession of a firearm. He was sentenced to seven years' imprisonment on the former conviction and to six years' suspended imposition of sentence (SIS) on the latter, to run concurrently. On appeal, Allen argues that the circuit court erred in finding that he violated the terms and conditions of his SIS when it relied on Arkansas Crime Information Center (ACIC) documents that he claims were admitted into evidence in violation of the Confrontation Clause. We affirm.

In 2012, Allen pled guilty to second-degree sexual assault in 17CR-11-540 and was sentenced to ten years' SIS. On March 27, 2013, the State petitioned to revoke Allen's SIS alleging that he committed two new offenses in 17CR-13-159: felon in possession of a firearm and resisting arrest. Allen pled guilty to the two new offenses, and he was sentenced to six

years' SIS. Based on Allen's guilty plea of the offenses in 17CR-13-159, the court revoked Allen's SIS in 17CR-11-540 and entered an order on May 22, 2013, sentencing him to six years' imprisonment and ten years' SIS.

On April 15, 2019, the State filed a petition to revoke Allen's SIS in 17CR-11-540 and 17CR-13-159, alleging that he violated the terms of his suspended sentences by committing the new offense of failing to register as a sex offender. At the revocation hearing, the only witness to testify was Deputy Rick Dahlem of the Crawford County Sheriff's Department. Dahlem testified that he registers and monitors the sex offenders in his jurisdiction and that he maintains the registration records on those offenders. Dahlem stated that when a person is released from the ADC, he or she has ten days to register as a sex offender with local law enforcement.

Dahlem also testified that he received a phone call on April 5 advising that Allen was living in Crawford County. Dahlem said he reviewed ACIC documents regarding Allen and learned that he had been released from incarceration on March 25, 2019, and that Allen had listed his new address as 1617 Gingerwood Lane, Alma, Arkansas. Dahlem stated that he went to 1617 Gingerwood Lane on April 5 looking for Allen but did not find him. However, Dahlem said that he spoke with a neighbor who lived next door to 1617 Gingerwood Lane who said he had seen an elderly man[1] at that address in the evenings. Finally, Dahlem testified that because Allen had not registered as a sex offender within ten days of March 25, he was

---

[1]Allen's bench warrants and sentencing orders reflect that he was sixty-eight years old at the time.

arrested by another officer on April 5, 2019—the eleventh day after his release—at the Gingerwood Lane address.

When the State sought to introduce the ACIC documents Dahlem referred to during his direct examination, counsel for Allen objected:

> I don't believe they've laid a foundation for their introduction; but that they've been testified to relative to Officer Dahlem's duties regarding registrationable [sic] cause; but since they come from ACIC, I think they have to have someone here from ACIC to confirm that those documents are what they are for introduction into evidence.

The circuit court instructed the State to lay a better foundation. Dahlem then testified that he has access to documents from ACIC Censor, an online platform for sex-offender registration. He said that he uses the ACIC site every time he registers a sex offender online. When the State offered the ACIC documents a second time, counsel for defense raised the same objection, and the circuit court overruled it.

The State rested, and Allen moved to dismiss the petition to revoke, arguing that the State failed to present a prima facie case that Allen failed to register as a sex offender because his residency at the Gingerwood Lane address or anywhere else had not been established. The defense also renewed the objection to the introduction of the ACIC documents because there was no one from ACIC at the hearing to verify the documents. Finally, counsel argued for the first time that the ACIC documents are testimonial hearsay in violation of the Confrontation Clause.

The circuit court denied the motion to dismiss, and the defense rested without presenting any evidence. Thereafter, the court revoked Allen's SIS in 17CR-11-540 and 17CR13-159 finding that he failed to timely register as a sex offender, and the court entered the sentences previously stated. This appeal followed.

Allen's first argument on appeal is that the circuit court clearly erred in finding that he violated the terms and conditions of his SIS. In a revocation hearing, the State has the burden of proving a violation of a condition of probation or a suspended sentence by a preponderance of the evidence. *Mashburn v. State*, 87 Ark. App. 89, 92, 189 S.W.3d 73, 74 (2004). On appeal, we will uphold the circuit court's findings unless they are clearly against the preponderance of the evidence. *Id.*, 189 S.W.3d at 74–75. We defer to the circuit court's superior position for questions of credibility and weight to be given to testimony. *Id.*, 189 S.W.3d at 75. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation or a suspended sentence. *Sims-Navarre v. State*, 2010 Ark. App. 770, at 2. Circumstantial evidence may be sufficient to warrant revocation. *Id.*

Arkansas Code Annotated section 12-12-904(a)(1)(A)(i), (ii) (Repl. 2016) provides that a person is guilty of a Class C felony who fails to register or fails to report in person a change of address as required under this subchapter. Section 12-12-907(b)(1)(A) further provides that no later than ten calendar days after release from incarceration, a sex offender shall report in person to the local law enforcement agency having jurisdiction and update the information in the registration file.[2] The failure to register is a strict-liability offense. *Adkins v. State*, 371 Ark. 159, 166, 264 S.W.3d 523, 527 (2007).

In the case at bar, the State presented testimony from Deputy Dahlem and documents from the ACIC that Allen was released from incarceration on March 25, 2019, and had listed

_____

[2]Effective July 24, 2019, the statute provides that a sex offender has five calendar days after release from incarceration to report in person to the local law enforcement agency his or her updated information. Ark. Code Ann. § 12-12-907(b)(1)(A) (Supp. 2019). The five-day registration does not apply in this case because Allen's revocation hearing was held on June 5, 2019.

4

his new address as 1617 Gingerwood Lane in Alma. Within the ACIC documents is a form entitled, "Sex Offender Acknowledgment Form," which was signed by Allen and dated March 25, 2019, that advised of the ten-day registration requirement. Dahlem further testified that a man who lived next door to 1617 Gingerwood Lane had reported seeing an elderly man at that address in the evenings, that Allen had not registered as a sex offender as of April 4, 2019—ten days after his release, and that Allen was arrested at 1617 Gingerwood Lane on April 5. In light of this evidence, we hold that the circuit court did not err in finding that Allen violated the terms and conditions of his SIS by committing the new offense of failing to register as a sex offender in violation of sections 12-12-904(a)(1)(A)(i), (ii) and 907(b)(1)(A).

Allen's next argument on appeal is that the court abused its discretion in admitting the ACIC documents in violation of the Confrontation Clause. However, Allen waived this argument because it was not raised until after the documents had already been introduced into evidence.

When the State sought to introduce the ACIC documents, the defense objected, but the objection was that the State failed to lay a proper foundation for their introduction. Specifically, the defense argued that someone from the ACIC was required to testify about the information contained within the documents. The defense did not raise the Confrontation Clause argument. The documents were introduced into evidence, Dahlem was cross-examined, and the State rested. The defense moved to dismiss, and for the first time, the Confrontation Clause argument was made.

The law is well settled that to preserve an issue for appeal, a defendant must object at the first opportunity. *Chunestudy v. State*, 2012 Ark. 222, at 9, 408 S.W.3d 55, 61 (citing *Holt v.*

5

*State*, 2011 Ark. 391, 384 S.W.3d 498; *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000)). A party who does not object to the introduction of evidence at the first opportunity waives such argument on appeal. *Id.* at 9, 408 S.W.3d at 61–62. We hold that Allen's Confrontation Clause argument is not properly before us because he did not raise it until after the evidence had already been introduced, and the State had rested its case. Therefore, the issue is waived. *Sims-Navarre*, 2010 Ark. App. 770, at 3–4 (holding that the appellant's Confrontation Clause argument, made for the first time in his closing argument, was waived). Accordingly, we affirm.

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.