Cite as 2021 Ark. App. 13

# ARKANSAS COURT OF APPEALS
## DIVISION III
#### No. CR–20–131

| | |
|---|---|
| RONALD HUGGINS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** January 13, 2021<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT<br>[NO. 30CR-19-224]<br><br><br>HONORABLE CHRIS E WILLIAMS, JUDGE<br><br>REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

### PHILLIP T. WHITEAKER, Judge

Ronald Huggins was convicted by a Hot Spring County jury of failing to comply with the sex-offender registration requirements. He was sentenced as a habitual offender to twenty years' imprisonment in the Arkansas Department of Correction. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Huggins's counsel has filed a no-merit brief and a motion to withdraw as counsel asserting that there are no issues of arguable merit to raise on appeal. Because counsel's brief is not in compliance with *Anders* and Rule 4-3(k)(1), we order rebriefing and deny without prejudice counsel's motion to withdraw.

Rule 4-3(k)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by either party with an explanation as to why each adverse ruling is not

a meritorious ground for reversal." Ark. Sup. Ct. R. 4–3(k)(1) (2020). When counsel fails to abstract and address every adverse ruling, we must order rebriefing. *Bullington v. State*, 2019 Ark. App. 2. We do so to ensure that the due-process concerns in *Anders* are met and to prevent the unnecessary risk of a deficient *Anders* brief resulting in an incorrect decision on counsel's motion to withdraw. *Dye v. State*, 2019 Ark. App. 3 (citing *Sartin v. State*, 2010 Ark. 16, 362 S.W.3d 877).

Upon our review of the record, we have determined that counsel in this case has erroneously asserted that there was only one ruling decided adversely to Huggins—the denial of his motion for directed verdict. We have identified at least three other rulings that were decided adversely to Huggins: the denial of his proffered jury instruction on alternative sentencing; the denial of his objection to the testimony of Sheri Flynn on *Daubert*[1] and hearsay grounds; and the denial of his Rule 404(b) objection to the discussion of his criminal history during the sentencing phase of his trial.

A no-merit brief in a criminal case that fails to address an adverse ruling does not satisfy the requirements of Rule 4–3(k)(1), and rebriefing is required. *Pettigrew v. State*, 2019 Ark. App. 336. Accordingly, we order counsel to cure the deficiencies in his brief by filing a substituted brief within fifteen days from the date of this opinion. We caution counsel that the deficiencies we have identified should not be considered an exhaustive list, and that, upon rebriefing, counsel is encouraged to review the record to ensure that all adverse rulings have been addressed.

---

[1]*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

After counsel has filed the substituted brief, our clerk will forward counsel's new motion and brief to Huggins, and he will have thirty days within which to file pro se points in accordance with Rule 4–3(k). The State will likewise be given an opportunity to file a responsive brief if pro se points are filed.

Rebriefing ordered; motion to withdraw denied.

VIRDEN and KLAPPENBACH, JJ., agree.

*Gregory Crain*, for appellant.

One brief only.