Cite as 2021 Ark. App. 218

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-20-131

| | | |
|---|---|---|
| | | **Opinion Delivered:** May 5, 2021 |
| RONALD HUGGINS | APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-19-224] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

### PHILLIP T. WHITEAKER, Judge

Ronald Huggins was convicted by a Hot Spring County jury of failing to comply with the sex-offender-registration requirements and was sentenced as a habitual offender to twenty years' imprisonment in the Arkansas Department of Correction. He subsequently filed a timely notice of appeal from his conviction.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals, Huggins's counsel has filed a no-merit brief and a motion to withdraw as counsel asserting that there are no issues of arguable merit to raise on appeal.[1] In his brief, he addresses five adverse rulings and asserts that none of those rulings provide any meritorious argument for reversal. Huggins was provided with

---

[1]This case returns to us after rebriefing was ordered in *Huggins v. State*, 2021 Ark. App. 13, for failing to properly address all adverse rulings. These deficiencies have now been corrected.

a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Ark. Sup. Ct. R. 4-3(b). No pro se points for reversal were filed. After reviewing the record and the arguments of counsel, we agree that there are no issues of arguable merit, and we affirm and grant the motion to withdraw.

In his brief, counsel first addresses the court's denial of his directed-verdict motion and argues that there is no merit to challenging the sufficiency of the evidence. We agree.

Huggins was charged as a habitual offender with failure to comply with the sex-offender-registration and -reporting requirements. At trial, the parties stipulated that Huggins had previously been convicted of a criminal offense that required him to register and maintain or verify his registration as a sex offender. Jerry Norwood, the sex offender coordinator for the Hot Spring County Sheriff's Department, testified that Huggins is a sex offender and is required to register and report to his office every ninety days. Norwood also testified that Huggins is delinquent in his reporting obligations. In addition, Huggins is required to verify his residence information, and he failed to comply with this requirement.

In Arkansas, a sex offender is required to register and to report in person a change of address. Arkansas Code Annotated section 12-12-904(a)(1)(A)(i), (ii) (Supp. 2019). A sex offender who fails to register or report is guilty of a Class C felony. *Allen v. State*, 2020 Ark. App. 84, 596 S.W.3d 518. The failure to register is a strict-liability offense. *Id.*; *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007). Huggins's stipulation that he is required to register as a sex offender and Investigator Norwood's testimony that he did not register as required constitute substantial evidence from which the jury could find that Huggins committed the offense.

Counsel next addresses three adverse evidentiary rulings. During sentencing, the State presented the testimony of Sheri Flynn, an administrator for the program that assesses sex offenders for the State of Arkansas. She testified that Huggins is designated a level 4 sex offender, which is the highest level of community notification, and persons designated as level 4 offenders are considered sexually dangerous persons. Defense counsel raised both hearsay and *Daubert*[2] objections when Flynn testified regarding the use of the VASOR and Static-99 assessments in establishing his sex-offender-risk designation.

On appeal, counsel argues that there is no merit to attacking either adverse ruling on appeal. We agree. As for the hearsay objection, the circuit court did not rule on it, and it is not preserved for our review. *Fletcher v. State*, 2018 Ark. 261, at 7, 555 S.W.3d 858, 862; *Vance v. State*, 2011 Ark. 392, 384 S.W.3d 515. As for the *Daubert* objection, trial counsel did not specifically identify how or on what basis those tests violated *Daubert*. In other words, Huggins simply did not argue the *Daubert* factors below and thus cannot argue on appeal that the failure to consider those factors was reversible error. *See Britt v. State*, 2019 Ark. App. 145, 573 S.W.3d 567.

Counsel further argues that there is no merit to challenging the third evidentiary objection. During her testimony, Flynn informed the jury that Huggins had multiple sex offenses, multiple victims, and stranger victims, and these factors were considered in assigning the level 4 designation. Defense counsel objected on Arkansas Rule of Evidence

---

[2]*Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

3

404(b) grounds. The court denied the objection as the evidence was being introduced in the sentencing, not the guilt, phase of trial.

Arkansas Code Annotated section 16-97-103(5) and (6) (Repl. 2016) provides that relevant character evidence and aggravating and mitigating circumstances considered inadmissible during the guilt phase of a criminal trial may be admissible during the sentencing phase. *Crawford v. State*, 362 Ark. 301, 208 S.W.3d 146 (2005). Evidence of uncharged criminal conduct can be admissible in the penalty phase of a trial if it is relevant evidence of the defendant's character or is evidence of an aggravating circumstance. *Brown v. State*, 2010 Ark. 420, 378 S.W.3d 66. Further, the admission or rejection of evidence under Rule 404(b) is left to the sound discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. *Pickens v. State*, 347 Ark. 904, 69 S.W.3d 10 (2002). Here, evidence of Huggins's prior conduct, whether charged or uncharged, could constitute either relevant character evidence or evidence of an aggravating circumstance admissible during the sentencing phase of the trial.

The trial court made one more adverse ruling: it denied a proffered jury instruction on probation as an available sentencing alternative. On appeal, counsel argues that there is no merit to challenging this adverse ruling. We agree. Arkansas Code Annotated section 16-97-101(4) (Repl. 2016) provides that the trial court, in its discretion, may instruct the jury that counsel may argue as to alternative sentences for which the defendant may qualify. We review a denial of alternative sentences for an abuse of discretion. *Hayes v. State*, 2018 Ark. App. 158, 544 S.W.3d 587. This standard of review is a high threshold, requiring that a trial court not act improvidently, thoughtlessly, or without due consideration. *Id.*

Here, the trial court indicated that it would not consider probation as an alternative sentence given the fact that Huggins is a habitual offender. This was not an abuse of discretion. Moreover, Huggins cannot demonstrate that he was prejudiced by the trial court's refusal to instruct the jury to consider alternative sentencing. Absent a showing of prejudice, we will not reverse. *Miller v. State*, 97 Ark. App. 285, 248 S.W.3d 487 (2007). Here, the range of imprisonment on Huggins's conviction as a habitual offender was three to twenty years. The jury recommended, and the court imposed, the maximum twenty-year sentence. Given this, it would strain credulity to argue that the jury would have recommended that appellant be sentenced to probation or a suspended sentence had it been given the option. *Hayes*, 2018 Ark. App. 158, 544 S.W.3d 587.

Affirmed; motion to withdraw granted.

KLAPPENBACH and VAUGHT, JJ., agree.

*Gregory Crain*, for appellant.

One brief only.