Cite as 2024 Ark. App. 35

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-23-329

| | |
|---|---|
| JASON HICKS | **Opinion Delivered**  January 17, 2024 |
| APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | [NO. 30CR-22-311] |
| STATE OF ARKANSAS | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Jason Hicks was found guilty by a Hot Spring County jury of failure to comply with sex-offender registration and reporting requirements, a Class C felony, in violation of Arkansas Code Annotated section 12-12-904. In an order filed on January 27, 2023, Hicks was sentenced to a term of ten years' incarceration in the Arkansas Department of Correction. On appeal, Hicks argues that the circuit court erred in denying his directed-verdict motion because the State failed to prove that he did not report a change of address. We affirm.

On October 18, 2022, Hicks was charged by information with unlawfully violating the conditions of his sex-offender registration by failing to appear in person to report a change of address and by residing within two thousand feet of a school or daycare, against the peace and dignity of the State of Arkansas.

A jury trial was held on January 26, 2023. Sergeant Jim Sanders, an investigator with the Union County Sheriff's Office tasked with handling sex-offender registrations, testified that on May

31, 2019, Hicks electronically signed a sex-offender verification form verifying his address and place of employment. Sergeant Sanders stated that Hicks also signed an acknowledgment form indicating that he understood the rules and regulations regarding registration, including the requirement to report changes of residence, mailing address, temporary domicile, employment, email, and social network information in person to the local enforcement agency having jurisdiction at the time of the change. Seargeant Sanders further testified that Hicks signed another verification form on February 26, 2020, and that he had not had any contact with Hicks after that date.

Sergeant Sanders testified that, due to the COVID-19 pandemic, there were changes made to the reporting procedures. He stated there was a sex-offender check-in form in the front office for those people required to report to sign-in and leave a name and phone number; he would then get in touch and schedule a follow-up appointment. Sergeant Sanders expressed that the changes in reporting procedures did not prevent reporting and registering as required. Sergeant Sanders testified that Hicks's name was never listed on the sign-in sheet; however, once he was provided information that Hicks was living in the Malvern area, he contacted Detective Jack Seely of the Malvern Police Department.

Deanna Draper, office manager for Malvern Water Works, testified next. She stated that in May 2022, during the monthly meter readings, it was discovered that a vacant home located at 927 Edward Street had water usage beginning April 17, although no one had established service at the address. On May 26, the water to the house was turned off, and the meter was locked. Shortly thereafter, on June 10, Hicks applied for water service at the 927 Edward Street address and paid the $150 deposit. A connect order was then issued, and water service was turned on; there has been ongoing water usage since that time.

Jack Seely, a detective with the Malvern Police Department, testified that he served as the sex-offender coordinator for the city of Malvern. He received information indicating that Hicks, an out-of-compliance Level 3 sex offender, was living in Malvern but had not registered with the Malvern Police Department. Seely stated that a search revealed a driver's license listing Hicks's address as 927 Edward Street. A probable-cause affidavit was prepared, and officers went to the address and took Hicks into custody. Detective Seely testified that Hicks verified his sex-offender registration on September 20 with Jerry Norwood, the Hot Spring County sex-offender coordinator. According to Detective Seely, prior to the September verification, there was no record of Hicks registering his current address with the Malvern Police Department.

Hicks moved for a directed verdict following the close of the State's case. He argued that the State failed to prove that he failed to report a change of address. He contended that during the relevant time periods, the sex-offender-registration offices were not functioning full time and that because the officers were relying on others to relay messages, information could have been lost. The State countered that the offices had procedures in place to ensure that people could register if they sought to do so. The circuit court denied the directed-verdict motion. The defense rested without calling any witnesses and renewed the directed-verdict motion, which was again denied. Hicks was convicted of failure to comply with sex-offender registration and reporting requirements and sentenced to ten years in prison. He now appeals.

On appeal, Hicks challenges the sufficiency of the evidence supporting his conviction. He specifically argues that the circuit court erred in denying his motion for directed verdict because the evidence was insufficient to establish that he failed to report a change of address as required of sex offenders.

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence.[1] When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict.[2] We will affirm a judgment of conviction if substantial evidence exists to support it.[3] Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture.[4] We defer to the jury's determination on the matter of witness credibility.[5] Jurors do not and need not view each fact in isolation; rather, they may consider the evidence as a whole.[6] The jury is entitled to draw any reasonable inference from circumstantial evidence to the same extent that it can be from direct evidence.[7] The jury may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe the State's account of the facts rather than the defendant's.[8] We need only consider testimony that supports the guilty verdict.[9] Circumstantial evidence may provide the basis for a conviction if it is

---

[1]*Kelley v. State*, 103 Ark. App. 110, 286 S.W.3d 746 (2008).

[2]*Id.*

[3]*Id.*

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Dunn v. State*, 371 Ark. 140, 264 S.W.3d 504 (2007).

[9]*Holcomb v. State*, 2014 Ark. 141, 432 S.W.3d 600.

consistent with the defendant's guilt and inconsistent with any other reasonable explanation of the crime.[10]

A sex offender is required to register and to report in person any change of address.[11] When establishing a new residency or temporary domicile at the new address, a sex offender is required to provide notice to the supervising authority no later than five calendar days before doing so. A sex offender who fails to register or report as required is guilty of a Class C felony.[12] The failure to register is a strict-liability offense.[13]

Here, there is no dispute that Hicks was required to register as a sex offender and comply with all reporting requirements. The testimony elicited at trial established that Hicks moved from Union County to Malvern in or around June 2022, at the latest, according to the date he applied for water service at a Malvern address. The sex-offender statutes require sex offenders to report a change of address within five days of moving to the new residence. Hicks failed to do so. Notably, on appeal, Hicks does not argue that he reported as required; instead, he contends that it is possible, with the changes in reporting procedures, for information to be lost. Accordingly, viewing the evidence in the light most favorable to the State, we find substantial evidence supports the verdict and affirm the circuit court's finding that Hicks failed to comply with sex-offender registration requirements.

Affirmed.

---

[10]*Robinson v. State*, 2016 Ark. App. 240, 491 S.W.3d 481.

[11]*See* Ark. Code Ann. § 12-12-904(a)(1)(A)(i), (ii) (Supp. 2019).

[12]*Allen v. State*, 2020 Ark. App. 84, 596 S.W.3d 518.

[13]*Id.*

BARRETT and MURPHY, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.