Cite as 2025 Ark. App. 213

# ARKANSAS COURT OF APPEALS
## DIVISION II
No. CR-24-439

| | | |
|---|---|---|
| TIMOTHY MCDANIELS | | Opinion Delivered April 9, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT |
| V. | | [NO. 30CR-23-147] |
| STATE OF ARKANSAS | | HONORABLE STEPHEN L. SHIRRON, |
| | APPELLEE | JUDGE |
| | | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

**CINDY GRACE THYER, Judge**

Appellant Timothy McDaniels was charged as a habitual offender with one count of failing to comply with Arkansas's sex-offender registration requirements by failing to maintain his sex-offender registry information since being paroled from the Arkansas Division of Correction (ADC) in 2021. A Hot Spring County jury found him guilty and sentenced him to twelve years in the ADC. On appeal, he argues that the circuit court erred in denying his motion for directed verdict. We affirm McDaniels's conviction but remand to correct a clerical error on the sentencing order.

I.  *Trial Proceedings*

At trial, McDaniels and the State stipulated that he had previously been convicted of an offense that required him to register as a sex offender.[1] The State then called two witnesses: Angela Williams and Detective Susan Turner. In June 2021, Williams assisted McDaniels with filling out a change-of-address form for registered sex offenders. The documents she helped him fill out informed him that he had to go to his local sheriff's department or police department to update his address. Williams explained that if a sex offender moves and has a change of address, the offender must update his or her paperwork and address within ten days.

Williams and McDaniels both signed the change-of-address form on June 9, 2021. The form, which was introduced without objection, is titled "Arkansas Crime Information Center State Sex Offender Registry Change of Information Form for Registered Sex Offenders." McDaniels listed a current address in Malvern and his "new place of residence" as an address in Sherwood. On the same day, McDaniels also signed a "State of Arkansas Sex Offender Registration Form," but none of the information, such as his name, date of birth, and sex-offense information, was filled in. He also signed a "Sex Offender Acknowledgment Form" that informs a sex offender about Arkansas's registration requirements, including the requirements that an offender must report any changes in address in person to a local law enforcement agency and that an offender must report to local law enforcement no later than ten days after release from incarceration.

---

[1]McDaniels was convicted of rape in 2003 and served nineteen years in prison.

Detective Susan Turner of the Malvern Police Department testified that as part of her duties, she maintains records pertaining to registered sex offenders who live in Hot Spring County. In June 2023, a "concerned citizen" contacted Turner about McDaniels.[2] On the basis of the information she received from the citizen, Turner went to McDaniels's workplace and verified both his identity and the fact that he was supposed to register as a sex offender. On the date she met with McDaniels, he was not part of her case load as a registered sex offender.[3] Turner asked McDaniels to come to her office the next day. When he did, she asked why he had not been to see her; he said he did not think he needed to. He told Turner that he was homeless and living in a car close to his job in Hot Spring County.

Turner then registered McDaniels. She helped him fill out the sex-offender registration form that contained his name, date of birth, acknowledgement of registration, and address. Because he was homeless, McDaniels did not list a specific address. Turner said that because of his status as a homeless sex offender, McDaniels was required to report to her every thirty days. Turner, who has access to sex-offender records, ascertained that McDaniels had never registered anywhere--not in Sherwood and not in Hot Spring County--and he told her that he never went to the Sherwood address he gave Williams in

---

[2]Turner did not testify to the details of the concerned-citizen encounter at trial, but in her probable-cause affidavit, she stated that a woman came to the police department with information that her sixteen-year-old daughter had been texting a sex offender who worked in Malvern.

[3]Turner explained that she has a folder for each individual sex-offender case, and she did not have an open case or record for McDaniels.

2021. McDaniels confirmed to Turner that he was not registered, stating again that he didn't think he had to.

The State rested following Turner's testimony, and McDaniels moved for a directed verdict. He argued that the State failed to present prima facie evidence that he failed to register, asserting that the document he signed with Williams was "a change of address and [an] actual sex offender registration." The circuit court denied his motion, and the jury subsequently convicted McDaniels of failure to register. The sentencing order was entered on March 25, 2024. McDaniels timely appealed and now argues that the circuit court erred in denying his motion for directed verdict.

## II. *Standard of Review*

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Dortch v. State*, 2018 Ark. 135, at 5, 544 S.W.3d 518, 522. In reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State, considering only evidence that supports the verdict. *McEuen v. State*, 2023 Ark. App. 65, 660 S.W.3d 615. We will affirm the verdict if substantial evidence supports it. *Id*. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id*.

## III. *Discussion*

McDaniels was charged with failure to comply with Arkansas's sex-offender registration and reporting requirements in violation of Arkansas Code Annotated section

4

12-12-904(a)(1)(A)(i) (Supp. 2023). This statute provides that a person who fails to register or verify registration as required by the Sex Offender Registration Act (SORA) is guilty of a Class C felony. A sex offender required to register under the SORA "shall verify registration in person every six (6) months after the sex offender's initial registration date during the period of time in which the sex offender is required to register." Ark. Code Ann. § 12-12-909(a)(1) (Supp. 2023). That verification must be done in person at a local law enforcement agency having jurisdiction; at that time, the offender must sign and date a Sex Offender Acknowledgment Form, and a law enforcement officer shall also witness and sign the form. Ark. Code Ann. § 12-12-909(a)(2)(A)(i). The failure to register is a strict-liability offense. *Adkins v. State*, 371 Ark. 159, 264 S.W.3d 523 (2007); *Allen v. State*, 2020 Ark. App. 84; 596 S.W.3d 518.

On appeal, as he did below, McDaniels concedes that he was required to register as a sex offender. He nonetheless argues that the evidence introduced at trial showed that he registered when he left the ADC. He points to Williams's testimony that she "registered" him and Turner's testimony that she also "registered" him. Williams, however, testified that she assisted McDaniels with filling out a change-of-address form. Two documents were introduced during her testimony: a "Change of Information" form and a Sex Offender Registration Form. Of the two, only the change-of-information form was actually filled out; the Sex Offender Registration Form was entirely blank except for McDaniels's signature. Moreover, while Turner did testify that she registered McDaniels, that registration did not

occur until June 21, 2023, two years after McDaniels was released from the ADC. Turner's records indicated that McDaniels was not registered anywhere before that date.

An offender's stipulation that he is required to register as a sex offender and a law enforcement officer's testimony that the offender did not register as required constitutes substantial evidence from which a jury can conclude that the offender failed to register. *Huggins v. State*, 2021 Ark. App. 218, at 2–3, 624 S.W.3d 342, 344. The evidence in this case included McDaniels's stipulation that he is a sex offender who is required to register and Turner's testimony that McDaniels was not registered anywhere. Thus, the evidence presented at trial supported McDaniels's conviction for failure to register. We therefore affirm.

Although we affirm McDaniels's conviction, we must remand for correction of an error on the sentencing order. As mentioned above, McDaniels was charged as a habitual offender with the Class C felony of failing to register as a sex offender. The jury sentenced him to twelve years, commensurate with Arkansas Code Annotated section 5-4-501(a)(2)(D) (Repl. 2024) (authorizing a sentence of three to twenty years for a Class C felony conviction for one who has been convicted of more than one but fewer than four felonies). McDaniels's sentencing order, however, does not reflect that he was sentenced as a habitual offender. The circuit court is free to correct a clerical error to have the judgment speak the truth. *Roberts v. State*, 2023 Ark. App. 115, at 12, 662 S.W.3d 668, 676. We therefore remand to the circuit court with instructions to correct the sentencing order by marking the boxes indicating that McDaniels was sentenced as a habitual offender.

Affirmed; remanded to correct sentencing order.

KLAPPENBACH, C.J., and BROWN, J., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.