Cite as 2025 Ark. App. 436

# ARKANSAS COURT OF APPEALS
### DIVISION III
#### No. CR-24-600

| | |
|---|---|
| KEVIN NEWTON HOULTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered September 24, 2025<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR-23-445]<br><br>HONORABLE RALPH C. OHM, JUDGE<br><br>AFFIRMED |

## BART F. VIRDEN, Judge

A Garland County jury convicted appellant Kevin Newton Houlton of failing to register as a sex offender. He was sentenced as a habitual offender to thirty years' imprisonment and ordered to pay a $5,000 fine. On appeal, he argues that the trial court erred in denying his directed-verdict motion because there was insufficient evidence that he was no longer residing at the Days Inn in Hot Springs and that the trial court erred in admitting hearsay testimony about whether he was still residing at the Days Inn. We affirm.

### I. *Trial Testimony*

Nicole Pugh, the administrator for the sex offender community notification assessment (SOCNA) program at the Arkansas Division of Correction (ADC), testified that she oversees the assessment of sex offenders who live, work, or attend school in Arkansas. Pugh said that SOCNA typically receives a referral from the Arkansas Crime Information

Center (ACIC) to begin the assessment process. Pugh said that records are collected and reviewed; the offender sits for an interview; a psychologist reviews the information; and a community-notification level is then assigned to the sex offender. Pugh further testified that Houlton was assessed and assigned a level 2, meaning that notification outside the home was necessary for the protection of the public. She said that Houlton's "index offense" requiring registration as a sex offender consisted of two counts of lewd molestation in Oklahoma. Pugh said that, once completed by the offender, verification-of-residency forms are sent to ACIC and that SOCNA does not handle matters of registration—only assessment.

Justin Stewart testified that he was tasked with rehabilitating Houlton and reintegrating him into society and that he had been meeting with Houlton monthly since September 2022.[1] Stewart said that Houlton's information would be updated during those visits and that his next visit would be scheduled. Stewart testified that on January 17, 2023, Houlton reported in person and listed his address as a room at the Days Inn on Central Avenue in Hot Springs. He said that Houlton's next visit was to be February 15 and that when Houlton did not show up, Stewart began calling around looking for him. Stewart testified that he went to the Days Inn on February 16 and encountered a couple who was not related to Houlton staying in the room that Houlton had listed as his last known address.

The record indicates that Stewart said the couple told him that Houlton had already checked out of the hotel. It is not clear whether the trial court and defense counsel heard

---

[1]The trial court had granted a motion in limine to prevent mention of the fact that Stewart was Houlton's parole officer.

this, but defense counsel objected to what Stewart was *about to say*, and the trial court ruled that what Stewart had tried to "squeeze in" was hearsay. Nevertheless, the prosecutor offered to rephrase the question; the trial court agreed with that suggestion; and there was no further objection by defense counsel. Stewart then testified that he went to the room where Houlton had been staying, that he did not find Houlton there, and that he did not find Houlton anywhere on the hotel's property.

Detective Shawn Woodall with the Hot Springs Police Department testified that he is charged with the responsibility of making sure that sex offenders understand the rules and regulations concerning registration. He said that sex offenders must sign an acknowledgment form indicating their understanding of those rules and that they are given a copy of the form. Woodall said that Houlton, as a level 2 sex offender, was generally required to report every six months. Woodall identified a change-of-information form from ACIC dated November 16, 2022, showing that Houlton had come in to update his information and an acknowledgment form signed by Houlton verifying that his information was correct. Woodall identified a second ACIC change-of-information form dated January 17, 2023, showing Houlton's Central Avenue address. He said that Houlton had signed an a form acknowledging that he was scheduled to return in person to the police department to verify his address on July 8, 2023. Woodall said that a sex offender must come into the police department within five days when there is any change of information.

Woodall further testified that Stewart notified him that Houlton had a change of address to report. He said that he went to the Days Inn where Houlton claimed he had been

staying and asked "management" about the last day that Houlton had been there. This drew an anticipatory hearsay objection from defense counsel. The prosecutor said that she was going to approach the question as she did with Stewart, to which defense counsel said "okay," and the trial court said "sounds good." Woodall then testified that he went to the room where Houlton had been staying and verified that Houlton was not there and that he was not anywhere on the property. Woodall said that he had an arrest warrant issued on that day in mid-February but that Houlton was not arrested until May 19. The following colloquy occurred during cross-examination:

| [DEFENSE COUNSEL]: | Okay. So, the only knowledge that you have with regard to Mr. Houlton's residency is that you went to his motel room in the afternoon, knocked on the door, he wasn't there? |
|---|---|
| [WOODALL]: | Correct. |
| [DEFENSE COUNSEL]: | That's it? |
| [WOODALL]: | Based off what Justin Stewart said, yes, and I confirmed with management saying he checked out. That— |
| [DEFENSE COUNSEL]: | Your Honor— |
| [DEFENSE COUNSEL]: | You don't have personal knowledge of that. You spoke to somebody and you clearly know that's hearsay, correct? |
| [WOODALL]: | I spoke with management, yes. |
| [DEFENSE COUNSEL]: | You—you don't even know the name of the manager you spoke with; do you? |
| [WOODALL]: | I do not. |

4

| | |
|---|---|
| [DEFENSE COUNSEL]: | You didn't get any business records from the motel showing when he checked in or when he checked out; did you? |
| [WOODALL]: | I did not. |
| [DEFENSE COUNSEL]: | So, you don't have any personal knowledge other than you knocked on this door and no one answered? |
| [WOODALL]: | Yep. |
| [DEFENSE COUNSEL]: | Okay. |

Woodall testified that, when Houlton was arrested, he filled out a bail-bond determination listing an address in Fort Smith that he had maintained for the last three months. Woodall stated that Houlton had never reported living in Fort Smith. He further testified that, while there are exceptions to the reporting requirements, Houlton's situation did not fall within any of those exceptions.

At the conclusion of the trial, the jury convicted Houlton of failing to register as a sex offender. Houlton now brings this appeal.

II. *Discussion*

A. Sufficiency of the Evidence

A person who fails to report in person a change of address, employment, education, or training as required under this subchapter is guilty of a Class C felony. Ark. Code Ann. § 12-12-904(a)(1)(A)(ii) (Supp. 2021). Section 12-12-909 provides that, before a change of address within the state, a sex offender shall report the change of address to the local law enforcement agency having jurisdiction in person *no later than five calendar days before* the sex

offender establishes residency or is temporarily domiciled at the new address. Ark. Code Ann. § 12-12-909(b)(1)(A) (Supp. 2021). Subdivision (B) states that the sex offender shall report to the local law enforcement agency having jurisdiction of the new address in person *within five calendar days after* relocating to the new address. Ark. Code Ann. § 12-12-909(b)(1)(B). It is an affirmative defense to prosecution if the person delayed reporting a change in address because of an eviction, a natural disaster, or any other unforeseen circumstance and provided the new address to the local law enforcement agency having jurisdiction in person no later than five business days after the person establishes residency. Ark. Code Ann. § 12-12-904(a)(2). The failure to register is a strict-liability offense. *Hicks v. State*, 2024 Ark. App. 35.

On appeal, a motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *McDaniels v. State*, 2025 Ark. App. 213, 711 S.W.3d 164. In reviewing a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the State, considering only evidence that supports the verdict. *Id*. We will affirm the verdict if substantial evidence supports it. *Id*. Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion without resorting to speculation or conjecture. *Id*.

Houlton argues that there was insufficient evidence that he no longer lived at the Days Inn and that, even if he no longer lived there, there was insufficient evidence of when he vacated the residence. Houlton argues that the only evidence that he no longer lived at the Days Inn consisted of Stewart's testimony that he knocked on a hotel-room door on that

6

day in mid-February during daytime working hours and his being told that Houlton had checked out. Houlton argues that, although Woodall testified that he discovered Houlton's address on a bail-bond determination at the time of his arrest on May 19, 2023, the form was not admitted into evidence and had no relevance to the charge concerning registration and reporting requirements given that the State's information stated that the offense occurred on or about January 17, 2023. Moreover, Houlton points out that the State did not move to amend the documents to conform to the evidence even though its amended information listed an offense date of January 17, whereas the affidavit for an arrest warrant was prepared in mid-February. Houlton argues that, without knowing the date he moved out of the Days Inn, the jury could not determine whether he waited longer than five days to notify law enforcement of his new address.

Considering only the evidence that supports the verdict, Stewart went to Houlton's last known address when he failed to show up for their monthly scheduled meeting and encountered a couple—unrelated to Houlton—in the room at the Days Inn where Houlton had been staying. Woodall went to the Days Inn the following day to look for Houlton. Woodall testified on cross-examination by defense counsel that he was told by "management" that Houlton had checked out of the hotel. Hearsay evidence admitted without objection may constitute substantial evidence to support a conviction. *Moseby v. State*, 2010 Ark. App. 5. Moreover, Woodall testified without objection that he discovered a bail-bond determination in mid-May 2023 that showed Houlton had been living at an address in Fort Smith for the past three months. According to Woodall, Houlton did not

7

ever report a move to Fort Smith. Regardless of which day in mid-February Houlton moved from the Days Inn in Hot Springs to an address in Fort Smith, he did not notify law enforcement of that change. Notably, Houlton is not even arguing on appeal that he *did* report a change of address to law enforcement, which is what section 12-12-904(a)(i)(A) requires.[2]

As for the State's failure to amend the information to change the date of the offense from on or about January 17, 2023, to a date in mid-February, Houlton waived any objection to the State's failure by not objecting below. *See, e.g.*, *Whitley v. State*, 140 Ark. 425, 428, 427, 215 S.W. 703, 703 (1919) (holding that it was "too late" to argue that an information charged separate offenses when the appellant raised no objection to the testimony "on the ground of variance" and noting that "[t]he information could have been amended or treated as amended to conform to the proof"). Moreover, Houlton's directed-verdict motion made no mention of any deficiency related to the offense date. We hold that there is substantial evidence to support Houlton's conviction for failing to register as a sex offender.

## B. Admissibility of Hearsay Testimony

We review the admission of evidence by the trial court using an abuse-of-discretion standard. *Gladden v. State*, 2025 Ark. App. 78, 706 S.W.3d 741. The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse

---

[2]Houlton incorrectly asserts that the State was "required to prove that the Appellant had a change of residence, and that the Appellant had failed to report the change *within five days thereafter*." (Emphasis added.)

that decision absent a manifest abuse of discretion. *Id.* Abuse of discretion is a high threshold that does not simply require error in the trial court's decision but also requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Id.*

### 1. *What "the couple" told Stewart*

Houlton points to Stewart's testimony that the couple told him that Houlton had already moved out, to which defense counsel objected on the basis of hearsay. Houlton contends that the trial court acknowledged that the statement was hearsay but then "failed to exclude the testimony or admonish the jury."

The trial court essentially sustained defense counsel's objection to hearsay, but the trial court agreed to the prosecutor's offer to rephrase the question. Defense counsel had no objection to that course of action and did not ask the trial court to strike the testimony or to admonish the jury to disregard the testimony. When an objection is sustained and the defendant has received all of the relief requested, there is no basis to raise the issue on appeal. *Miller v. State*, 2022 Ark. App. 352.

### 2. *Detective Woodall's testimony about "management"*

Houlton points to Woodall's testimony that he was told by "management" that Houlton had checked out of the Days Inn, to which defense counsel objected on the basis of hearsay and asked the trial court to admonish the jury to disregard the statement. Houlton contends that the trial court abused its discretion in denying that request and asserts that his conviction cannot stand absent the hearsay testimony.

When pressed on cross-examination, Woodall said that he confirmed with management that Houlton had checked out of the Days Inn. Instead of raising a contemporaneous objection to the hearsay—which he had elicited—defense counsel continued with his cross-examination of Woodall, trying to call into question Woodall's "confirmation" of Houlton's residency given that Woodall did not know the manager's name and had not gotten any paperwork documenting Houlton's departure from the hotel. Defense counsel requested that the trial court strike Woodall's testimony only after his cross-examination was complete and, indeed, after he had sat back down at the defense table. A contemporaneous objection is required to preserve an issue for review on appeal. *Gadsden v. State*, 2019 Ark. App. 153, 570 S.W.3d 527. Houlton's argument is thus not preserved for our review. Moreover, under the invited-error rule, one who is responsible for error cannot be heard to complain later. *Britton v. State*, 2014 Ark. 192, 433 S.W.3d 856.

Affirmed.

KLAPPENBACH, C.J., and WOOD, J., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.